## O'CALLAGHAN *v.* BOOTH AND DEAL.

What is an actual, and what a constructive possession, in many cases, must be a question of fact for the jury.

Where the plaintiff in an action of forcibly entry for the front of a town lot, proved that he had a small house on the rear of it, *Held* to be sufficient to warrant the jury in finding an actual possession of the whole lot.

Proof of actual force is not necessary to maintain this action; but threats, &c., showing an intention to resort to violence if resistance is offered, are sufficient.

The rule that a penal statute must be declared upon by the party seeking recovery under it, does not apply to pleadings in Justices' Courts.

The power of the County Court to treble the damages by way of penalty in actions of forcible entry, results by necessary implication from its power to try *de novo.*

Justices' Courts have jurisdiction in cases of forcible entry. The 9th section of the VI. article of the Constitution, cannot be construed to confer *exclusive* original jurisdiction in all special cases upon the County Courts.

APPEAL from the County Court of Sacramento County.

This was an action of forcible entry and unlawful detainer, commenced in a Justice's Court and appealed to the County Court. The complaint avers the value of the monthly rent of the lot to be $400, and prays generally for treble damages, but does not refer to the statute. On the first trial before the County Court, the jury found a verdict for the defendants. On motion of plaintiff, a new trial was granted, on which the jury found for the plaintiff, and assessed the damages, which were trebled by the Court, making the sum of $12,150. Defendants moved in arrest of judgment, and for a new trial, which motions were overruled, and defendants appealed.

The testimony shows that the defendants were in possession of the lot in question, from June 1st, 1851, to November 2d, 1852, when the buildings thereon were destroyed by fire; that immediately after the fire, the plaintiffs entered on the lot and built a canvas house on the rear portion of the lot, and rented the front portion of the lot to one Ormsby, who agreed to erect valuable improvements. Ormsby partially erected them, but, fearing difficulty, obtained a cancellation of his lease, and moved away the buildings he had erected, on the 17th of November. On the same day, the defendants entered on the front of the lot and erected a store without disturbing the canvas house in the rear; and have since continued to use and rent the store. The workmen employed by defendants testify that there was no opposition to their entry made at the time they commenced the erection of the store. The plaintiff was present after the commencement and during the erection of the building, and notified defendants that he would hold them responsible as trespassers. The defendants were assisted by a number of workmen. One of the defendants, who directed the work, was armed, though he made no attempt to use a weapon, but said that if plaintiff interfered serious would be the consequences, that he was ready for him and had the "tools."

*Tod Robinson and Weller, Johnson & Morrison* for Appellant.

The Court below erred in giving treble damages, as the complaint does not allege a violation of the statute. Comp. Laws, pp. 179, 180, §§ 12 and 16; 1 Binn, 219; 3 Binn, 45; 10 S. & R., 227; 5 S. & R., 144; 2 McLean, 630; 1 Chitty Pl., 246; 10 Mass, 39; 1 Swift's Rev. Dig., 668; Chipman et al. *v.* Emeric; 5 Cal., 49, 239.

The Justice's Courts had no jurisdiction over this case, under the Constitution. Article vi, §§ 4, 6, 8, 9, 14; Zander *v.* Coe, 5 Cal., 230; Hudson *v.* Caulfield, Cal. R.

The amount claimed as the value of the monthly rent for a single month exceeds the jurisdiction of a Justice's Court. The County Court is designated in the Constitution as the one to which the Legislature may give jurisdiction in "special cases."

Actual force or violence is necessary to maintain this action under the statute. 4 Blackford, 321; 3 A. K. Marshall, 296; 17 Wend., 257; 10 Mass., 408; 8 Ohio R., 400; Frazier *v.* Hastler, 5 Cal., 156.

The defendants were in peaceful possession of the property on the 2d November, when the improvements were destroyed by fire. The plaintiff was a mere trespasser on the 17th. If so, he was only in possession of so much of the lot as he actually occupied.

This is a penal statute, and should have been formally referred to in the complaint. It imposes a fine, to recover which the violation of the statute must be averred. 5 Pick., 168; 1 Gallis, 257, 261; 9 Pick., 162; 6 Iredell, 382; 4 Hall, 36; 1 Appleton, 219.

*Winans* for Respondent.

The point raised by appellant, that the Court below erred in entering judgment for treble the amount of the verdict, is passed over, owing to an intimation from the Court on the argument.

On the question of jurisdiction, the case of Zander *v.* Coe, cited by appellant, is the strongest authority in favor of sustaining the jurisdiction contended for by respondent.

The question of possession is purely one of fact, and this Court will not interfere with the verdict of the jury, which found that the plaintiff was in possession at the time of defendants' entry.

*L. Sanders, Jr.* for Respondent.

The evidence shows a determination on the part of defendants to use force if necessary. The rule is, that when a party, entering on land in the possession of another, gives, by his behavior or speech, to the party in possession, just cause to fear that he will do him some bodily harm if they oppose his entry, his entry is forcible. State *v.* Pollock, 4 Wendell, 309; Butts *v.* Voorhees, 1 Green, 13; 3 Howard, 413; Childress *v.* Black, 9 Yerger, 317.

As to the question of jurisdiction, the authorities cited by appellant might have some weight, if this were a civil proceeding; but this cause is *quasi* criminal, as actions of this nature have always been treated, and form a part of the original jurisdiction of justices of the peace. 8 Hen. vi. chap. 9; 3 Black. Com., 179.

O'Callaghan *v.* Booth and Deal.

This jurisdiction has always been maintained, and the power to give treble damages has always been incident thereto; as given by our statute. The limitation fixed by the Constitution to cases where the amount is less than $200, applies only to civil cases.

The large amount of damages in this case is caused by delays made by the appellants, during which they have kept the respondent out of possession, and have received all the rents and profits of the land.

Mr. Chief Justice MURRAY delivered the opinion of the Court. Mr. Justice HEYDENFELDT and Mr. Justice TERRY concurred.

This was an action of " forcible entry and unlawful detainer," instituted before a justice of the peace, and afterwards carried by appeal to the County Court. On the trial before the justice a judgment was rendered for restitution of the premises and $285 damages. After many delays, etc., the County Court rendered judgment for restitution and $12,150 damages.

The first error assigned is, that the plaintiff's possession of the prop-. erty in dispute was insufficient to maintain this action.

It would be extremely difficult to define the exact possession which the statute was designed to protect, and the muniments of title requisite to establish a constructive possession. The plaintiff in error claims that there should be an actual *possessio pedis*, and that the rule that possession of a part of a tract of land, marked by distinct natural or artificial boundaries, with a claim of title to the whole, draws after it the constructive possession of such lot or tract of land, does not apply for the purpose of an action like the present. That the statute was passed to prevent the public peace from being disturbed by the illegal and forcible entries upon land which was held by occupancy and possession, and cannot be extended to cases where the party's possession is constructive, or his right to possession arises from implication of law. That, in such cases, he should be turned over to his remedy by ejectment.

What is actual, and what is constructive possession, in many cases, must be a question of fact for the jury. The possession and cultivation of one acre of land, without acts of ownership and dominion, would not necessarily draw after it the possession of 640 acres uninclosed and unimproved ; neither should the actual possession of one half a town lot be so construed as to limit the party's possession to the part so occupied, without regard to the acts of ownership exercised over the remainder.

It would be a great hardship to require a party, in every instance, to enclose his lands by a substantial fence ; such enclosure would be evidence of possession, but the absence of it would not be conclusive as against other acts of possession.

An examination of the evidence in this case shows that the jury might very properly have found an actual possession of the premises in dispute, in the plaintiff, at the time of the entry, and we will not disturb this conclusion of fact. ·

Again, it is contended that the Court erred in altering the instructions asked for by the defendant. It is not necessary to prove actual

force to maintain this action, but threats or menaces of a hostile character, showing a determination to resort to violence if resistance is offered, are all that is necessary. It would certainly be a strange rule if a party were compelled to procure an assault to be made upon himself at the time of his ouster, to entitle him to maintain his action for a recovery of possession.

The law does not require a vain thing to be done, and in case of an entry, made where the parties showed, by threats and immoderate language, their intention to take and hold the property, no actual collision would be required. The instructions of the Court were correct on this point, and followed the decision of this Court in the case of Scarlett *v.* Lamarque, *et al.*

The next assignment of error is, that the plaintiff has not declared upon the statute.

Where an offence is created by statute, and a penalty inflicted, it is necessary that the party, seeking a recovery, should, in general, refer to such statute, but we do not understand this rule to apply to pleadings in Justices' Courts, which are usually without regard to form. This objection involves also the power of the County Court to treble the damages by way of penalty, which, it is contended, does not exist. The statute provides that these cases shall be tried *de novo* in the County Court, but does not provide, in express terms, that the County Court shall treble the damages, so that the power must, if it exists at all, result, by necessary implication, from the power to try *de novo ;* which I understand to be, with like effect, and in the same manner, as though the cause was, for the first time, brought to trial; which would enable the County Judge to do all that the Justice could have done in the premises.

If the plaintiff had declared for a given sum, then the point would have been well taken, and the appellate Court could not have given judgment for more than the amount sued for, without amending the pleadings; but as the declaration is for the monthly rents, etc., his right to damages cannot be defeated by the defendants' delay in bringing this case to trial.

This view is strengthened by the character of the bond required in case of appeal. If the County Judge cannot treble the damages, it results that one of the objects of the statute, which was the punishment of the party for a breach of the peace or unlawful entry, would be defeated in every case where the damages assessed by the Justice were sufficiently large to justify an appeal.

The last assignment of error is, that Justices' Courts have no jurisdiction in cases of "forcible entry and unlawful detainer;" that they are special cases, and belong to the County Court, by the express provisions of the Constitution.

The ninth section of the sixth Article of the Constitution provides, that "the County Courts shall have such jurisdiction, in cases arising in Justices' Courts and in special cases as the Legislature may prescribe, but shall have no original civil jurisdiction except in such special cases."

SUPREME COURT—JANUARY TERM. 67

By no fair rule of construction can this section be held to confer exclusive original jurisdiction in all special cases, upon the County Courts, but only jurisdiction in such cases as the Legislature may permit to the County Courts.

It follows, from the previous decisions of the Court, that where the Constitution does not limit the jurisdiction of the various Courts of this State to a particular class of cases or subject matter, and jurisdiction in certain cases is not conferred exclusively upon any particular Court, the same may be disposed of among the various Courts as the Legislature may think proper.

Judgment affirmed, with costs.