Watson *v.* Whitney.

---

## WATSON *v.* WHITNEY.

ONE who, with armed men, enters upon land inclosed with a fence and in the possession of another, and commences the erection of a house, and refuses to deliver up peaceable possession on demand, but makes a show of force to retain it, is guilty of forcible entry and detainer.

In an action of forcible entry and detainer, all matters of legal excuse, justification, or avoidance, can be given in evidence by the defendant under a general denial of the allegations of the complaint.

Watson *v.* Whitney.

The granting or refusing of a change of venue by reason of the bias and prejudice of the citizens of the county, is discretionary with the Court, subject to revision only in cases of abuse.

Where the complaint in an action of forcible entry and detainer, prays for treble damages, the Court has the power to treble the damages; although the complaint does not specially refer to the statute authorizing it.

In impanneling a jury each party has a right to put questions to a juror to show not only that there exist proper grounds for a challenge for cause, but to elicit facts to enable him to decide whether he will make a peremptory challenge.

APPEAL from the County Court of Napa County.

The facts are stated in the opinion of the Court.

*Moore* and *Laine,* for Appellant.

*Wallace & Rayle* and *Edgerton,* for Respondent.

CROCKER, J. delivered the opinion of the Court—COPE, C. J. and NORTON J. concurring.

This is an action for forcible entry and detainer. The facts are substantially as follows: The tract of land in controversy was inclosed at the time of the forcible entry, which took place December 31st, 1862, and had been in the quiet and peaceable possession of the plaintiff or his tenants ever since 1856. On that day, Watson, the plaintiff, and several persons with him, went to the place where the defendant, with six or seven others, was engaged in constructing a small house. The plaintiff asked whose house is that, to which the defendant replied that it was his; and the plaintiff then demanded peaceable possession, to which the defendant answered that he could not have it. Whitney and those with him were armed; and the plaintiff then said, " I see you are all armed, and that is enough." One of the persons who went there with the plaintiff struck the house with an ax; and one of the defendant's party presented a pistol at him, and told him that if he struck again he would shoot him. He did not strike again, but replied that he would throw the ax at him if he did not drop the pistol. These facts, which are not controverted, clearly show a forcible entry and detainer within the provisions of the statute, and within the rules laid down by this Court on that subject. There was an unu-

sual assemblage of armed men with the defendant, and the plaintiff had just grounds to apprehend violence if he had attempted to retain possession, or remove the defendant from his land.   Actual threats were also used of violence to the plaintiff or those who accompanied him.   The jury that tried the case returned a verdict in favor of the plaintiff, on which judgment was rendered for restitution of the premises with treble damages, from which the defendant appeals. ——

The defendant filed an answer while the case was pending before the Justice of the Peace, in which, after denying generally the allegations of the complaint, he averred that he entered peaceably, on the day named, upon a certain quarter section of land described by the public surveys, which includes about ten acres of the tract described in the plaintiff's complaint; that he had a right to enter thereon under the preëmption laws of the United States; that it was public land; had been surveyed by the United States Surveyors as such, and was subject to the preëmption laws.   The Justice, on motion, struck out all of this answer, except that part denying the allegations of the complaint.   When the case came up in the County Court on appeal, the defendant moved the Court to reverse this order of the Justice, and to send the case back to the Justice with an order requiring him to certify it to the District Court for trial, which motion was denied by the Court, and this is assigned for error.   It is unnecessary to determine, in this case, whether title can be put in issue in actions of this kind, and thus require the case to be sent to the District Court for trial.   The affirmative allegations in the answer show no *title* in the defendant, but merely an attempt on his part to comply with the preëmption laws of the United States, as a means of procuring a title at some future time.   There was, therefore, no error in refusing to send the case to the District Court for trial.   Nor was there any error in refusing to reverse the order of the Justice.   If the defendant desired to amend his answer by adding that part stricken out by the Justice, he should have made a motion to that effect in the County Court.   He has not been prejudiced in any way by this action of the Justice, as the twentieth section of the Forcible Entry Act allows all matters of excuse, justification, or avoidance, to be given

in evidence under a general denial of allegations of the complaint. This assignment of error is therefore overruled.

The defendant filed an affidavit, and moved the County Court thereon to change the place of trial to some other county, which was denied, and this is assigned for error. The affidavit sets forth that he believes he cannot have a fair and impartial trial in the County of Napa, by reason of the bias and prejudice of the citizens of that county against the defendant, and the class of persons, to which he belongs; that there has been great excitement in the county, and much feeling and prejudice existed, growing out of the rejection of the grant of the " Suscol Rancho," and that this suit has grown out of these troubles, and numerous suits of a similar character had been commenced, and the questions involved therein have been largely and generally discussed by the citizens of the county; that there is a large league of landholders of the Suscol Rancho who are bitterly opposed to the defendant, who have contributed money to prosecute the defendant and others. The granting of a change of venue on this ground is discretionary with the Courts, subject to revision only in cases of abuse. (*Sloan* v. *Smith,* 3 Cal. 410; *People* v. *Fisher,* 6 Id. 155.) The fact that no difficulty occurred in selecting a jury, which was accepted by the defendant to try the case, shows that there was no just foundation for the application, and that there was no abuse of this discretion vested in the Court. This objection is therefore untenable.

It is also contended that the Court erred in trebling the damages found by the jury, because the complaint does not specially refer to the statute, in the prayer for damages. The plaintiff prays, in his complaint, for treble damages; though it does not refer to the statute which allows the damages to be trebled. Parties are not held to any great strictness in their pleadings in Justices' Courts, and this Court has held that an omission of this kind will not prevent the Court from trebling the damages. (*O'Callaghan* v. *Booth,* 6 Cal. 63; *Hart* v. *Moon,* Id. 161.) The next point raised is, that the verdict is against law and evidence. This, as we have already shown, is not well taken. The evidence fully sustains the verdict.

In impanneling the jury, the defendant propounded the following

questions to each juror, which were objected to by the plaintiff and excluded by the Court, and this is assigned as error : " 1st. Have you heard much conversation among the people in regard to the rights of the parties on the Suscol Rancho ; and if so, have you formed or expressed an opinion in regard to those rights ? 2d. Have you any bias or prejudice against that class of citizens on the Suscol Rancho commonly called squatters, of which class the defendant is one ? 3d. Have you ever sat on any of these Suscol cases, similar to this case, as a trial juror ?" It is not necessary to determine whether affirmative answers to these questions, or any one of them, would have formed a proper ground for a challenge for cause. Each party has a right to put questions to a juror, to show, not only that there exists proper grounds for a challenge for cause, but to elicit facts to enable the party to decide whether or not he will make a peremptory challenge ; and the defendant had a right to put these questions, if they were pertinent for either purpose. He was entitled to an answer to these questions, to enable him to decide whether he would make a peremptory challenge ; and the Court erred in refusing them.

The judgment is therefore reversed, and the cause remanded for a new trial.