Merrill *v.* Forbes.

---

## MERRILL *v.* FORBES *et al.*

THE rules of law respecting the acts necessary to constitute a forcible entry, or a forcible entry and unlawful detainer, require something more than a mere trespass upon the property.

One who enters upon land, for the purpose of cutting and taking away grass or crops growing thereon, without any intention of taking possession of the land, and without residing thereon, is not guilty of a forcible entry and detainer.

APPEAL from the County Court of Solano County.

The facts are stated in the opinion of the Court.

*Whitman* and *Wells,* for Appellants.

Our first point in the case is, that the complaint, and the proofs under it, establish that, if any unlawful act was committed, it was merely a trespass, and that plaintiff was not entitled to recover in this form of action. (*Commonwealth* v. *Shattuck*, 4 Cush. 143 ; *Frasier* v. *Hanlon*, 5 Cal. 156 ; 1 Bishop on Cr. Law, Sec. 399 ; 2 Id. Sec. 416 ; *State* v. *Fort and Gause*, 4 Dev. & Bat. 192, cited in 2 Archbold's Crim. Prac. 354, 12 ; *People* v. *Smith*, 24 Barb. 16 ; *Willard* v. *Warren*, 17 Wend. 257 ; *People* v. *Gibbs*, 24 Id. 200.)

*M. A. Wheaton*, for Respondent.

CROCKER, J. delivered the opinion of the Court—NORTON, J. concurring.

This is an action founded on an alleged unlawful entry and forcible detainer of a tract of land in Solano County, originally commenced before a Justice of the Peace, and appealed to the County Court, where it was tried before a jury, who rendered a verdict in favor of the plaintiff for damages in the sum of two hundred and sixty-seven dollars and fifty cents, which was trebled in the judgment.

It appears that the plaintiff was in possession of the premises in controversy, as tenant of the owner, under an agreement to give one-third of the grain that he might raise thereon, delivered in sacks. Whether there was any agreement about the crop of grass does not appear ; but it seems that the plaintiff, shortly before the acts complained of, offered to purchase the grass of him, or his interest therein, but they failed to come to an agreement, and the defendant Forbes purchased the grass crop of the owner of the land. When Forbes went on the premises with his workmen and mowing machine to cut the grass, the plaintiff was not at home, but his employé went and told them they must not cut the hay. They refused to stop work. Afterward, the plaintiff returned home, and went and forbade them ; but the workmen told him they were going to stay there until Forbes told them to quit. Forbes was afterwards told he must not cut the grass ; to which he replied, it did not make any difference about Merrill's forbidding him—he was going to cut it.

The rules of law respecting the acts necessary to sustain an action for a forcible entry, or a forcible and unlawful detainer, require something more than a mere trespass upon the property. The entry of the defendants was evidently not for the purpose of taking possession of the land, but merely to cut and take away the grass growing thereon; and when this was completed, the defendants quit the premises entirely. Indeed, they do not appear to have resided on the land, even while they were at work. There is no conflict of evidence upon these points, and it is clear that the facts are entirely insufficient to maintain this kind of action.

The judgment is reversed and the cause remanded.