JORDAN W. HYDE, RESPONDENT, *v.* H. O. HARK-
NESS, APPELLANT.

PLACE OF TRIAL—CHANGING—PRACTICE.—The question of changing the
place of trial in order that the defendant may have an impartial trial,
involves an issuable fact, and when an application is made for that pur-
pose upon affidavits, it is proper to admit counter-affidavits to enable the
court to judge of the necessity for such change.

IDEM—BURDEN OF PROOF.—The burden of showing that an impartial trial
can not be had is on the party making the application, and even if there
is a slight preponderance of evidence in favor of the application, this
court will not reverse the action of the court below for that reason.

IDEM—DISCRETION.—Granting a change of venue is a matter in the sound
discretion of the court, and will not be reviewed except in cases of abuse.

APPEAL from the district court, third judicial district,
Oneida county.

*L. P. Higbee,* for the appellant.

*F. E. Ensign and Huston & Gray,* for the respondent.

WHITSON, J., delivered the opinion. HOLLISTER, J., concurred.

This is an appeal under section 295 of the civil practice act from an order of the district court of Oneida county, refusing to change the place of trial under subdivision 2 of section 21 of the same act. The errors complained of by the appellant, committed by the court below, are: 1. In hearing and considering the counter-affidavits of the plaintiff in opposition to the motion, and affidavits of the defendant to change the place of trial of the action. 2. In refusing to grant the motion to change the place of trial.

It is contended by appellant's counsel that there have never been any adjudications as to the right of a party to file counter-affidavits in opposition to a motion for a change of venue, but that it is simply a matter of practice, to be regulated by this court for the direction of the district courts. If this position be correct, the court below could commit no error until some practice is established on the subject, because an inferior court can not be held to account for an error in the absence of law or the precedence of a higher court against the action complained of. But we can not agree with the learned counsel for the appellant that there have been no adjudications on this point. The supreme court of California, in the case of *Pierson* v. *McCahill,* 22 Cal. 127, say: "The granting of time to file counter-affidavits, on a motion to change the place of trial, is a matter of discretion in the lower court, and will not be reviewed on appeal." On the well-known principle that the greater includes the less, we can come to no other conclusion than that if it is no error to grant time to file counter-affidavits, it can be no error to allow them to be filed, and as a consequence allow them to be used on the hearing of the motion. In fact, the right seems never to have been doubted in California under a statute identical with ours. The right seems to have been conceded without objection from any quarter. The question of granting a change of venue is an issuable one, to be tried by the court as any other issue of fact, and it would be making the ends of jus-

tice depend too much upon the say-so of one party to allow that party to make a showing without any right of the other party to controvert it.

The position of appellant's counsel, that if the court believe from facts stated by the applicant for a change of the place of trial that the applicant has reason to believe an impartial trial can not be had, the change should be granted, can not, we think, be sustained. The same doctrine, if followed up, would require the court to give judgment for the plaintiff, in all cases, if the court believed, from the facts and circumstances, that he was sincere in the prosecution of his suit.

The statute says, the court may, on motion, change the place of trial when there is reason to believe that an impartial trial can not be had in the county where suit has been commenced. It would be placing too much power at the disposal of litigants to give any other construction to this statute than that it must be the court that has reason to believe an impartial trial can not be had before a change of venue will be granted. This view of the case is sustained in the case of *Watson* v. *Whitney,* 23 Cal. 375, in which the court says: "The granting or refusing of a change of venue by reason of the bias or prejudice of the citizens of the county is discretionary with the court, subject to revision only in cases of abuse."

In this case we fail to see where the court was guilty of any abuse in refusing to grant a change of venue. Even if there was a slight preponderance of evidence presented by the affidavits for a change, it could not, therefore, be contended that there was any abuse of discretion in the court below. But we do not think that there is even a preponderance of evidence appearing from the affidavits in support of the proposition that a fair and impartial trial could not be had in Oneida county.

The affidavits in support of the motion, it is true, state that there is a strong prejudice against defendant, and that the affiants do not believe he can have a fair and impartial trial; but the counter affidavits, while they do not deny that there is some prejudice against the defendant, deny the facts

stated in the affidavits in support of the motion, that defendant can not have an impartial trial in Oneida county, and allege positively that there would be no difficulty in obtaining an impartial trial. The counter affidavits also state the reasons for the belief on the part of the affiants, that defendant can have an impartial trial.

For these reasons the order refusing to change the place of trial is affirmed, and cause remanded for trial.