[No. 10,565.—Department Two.]

## PEOPLE *v.* CAR SOY.

CHALLENGE—JURY TRIAL—BIAS.—In empaneling a jury where one of the parties is a Chinaman, it is proper to ask a juror, whether, other things being equal, the juror would take the word of a Chinaman as soon as that of a white man; and whether, if the defendant, a Chinaman, should be sworn as a witness in his own behalf, the juror would give his testimony the same credit that he would give to the story told by a white person, under the same circumstances.

ID.—ID.—A party has the right to put questions to a juror, to show, not only that there exists proper grounds for a challenge for cause, but to elicit facts to enable the party to decide whether or not he will make a peremptory challenge.

APPEAL from a judgment of conviction, and an order denying a new trial, in the Superior Court of the County of San Joaquin. BUCKLEY, J.

*McStay & Swinnerton,* and *William M. Gibson,* for Appellant.

The Court erred in excluding the questions propounded to the jurors. (*People* v. *Reyes,* 5 Cal. 347; *Watson* v. *Whitney,* 23 id. 379.)

*George A. Blanchard* for the Attorney-General, for the Respondent.

The ruling of the Court in excluding the questions is not reviewable, because the statute does not provide for an exception to such a ruling. (Pen. Code, § 1170.)

An answer in the affirmative to the questions propounded would not show that the juror thus answering was prejudiced against the defendant. For all that appears in the record, it may be that each juror was examined fully upon the subject of his bias and prejudice. It must be presumed, that the juror answered that he was not biased; because no challenge was made for actual bias, nor is it shown that defendant exhausted his peremptory challenges.

MORRISON, C. J.:

The defendant was prosecuted by information, in the Superior Court of the county of San Joaquin, for the crime of robbery,

and was convicted.  On this appeal, several errors are assigned, only one of which it will be necessary for the Court to notice.

The defendant is a Chinaman, and, on impaneling the jury in the case, counsel for the defendant asked each of the jurors the following questions:

"1.  Other things being equal, would you take the word of a Chinaman as soon as you would that of a white man?"  To this question, the district attorney objected, on the ground that the same was incompetent, irrelevant, and immaterial.  The Court sustained the objection, and the defendant excepted.

"2.  If the defendant, a Chinaman, should be sworn as a witness in his own behalf, would you give his testimony the same credit that you would give to the story told by a white person, under the same circumstances?"  To this question, the district attorney objected, on the ground that the same was irrelevant, incompetent, and immaterial.  The Court sustained the objection, and the defendant excepted.

We think the questions were proper, and that the Court erred in its rulings.  The Court, in the case of *Watson* v. *Whitney*, 23 Cal. 375, lays down the correct doctrine on this subject.  In that case, it is said: "In impaneling the jury, the defendant propounded the following questions to each juror, which were objected to by the plaintiff, and excluded by the Court; and this is assigned as error: '1. Have you heard much conversation among the people in regard to the rights of the parties on the Suscol Rancho, and if so, have you formed or expressed an opinion in regard to those rights?  2. Have you any bias or prejudice against that class of citizens on the Suscol Rancho commonly called squatters, of which class the defendant is one?  3. Have you ever sat on any of these Suscol cases, similar to this, as a trial juror?'  It is not necessary to determine whether affirmative answers to these questions, or any one of them, would have formed a proper ground for a challenge for cause.  Each party has a right to put questions to a juror, to show, not only that there exists proper grounds for a challenge for cause, but to elicit facts to enable the party to decide whether or not he will make a peremptory challenge; and the defendant had a right to put these questions, if they were pertinent, for either purpose.  He was entitled to an answer to these questions, to

enable him to decide whether he would make a peremptory challenge, and the Court erred in refusing them."

The reason of the rule above stated applies with full force to this case.

Judgment and order reversed, and cause remanded for a new trial.

Sharpstein, J., concurred.

Myrick, J., concurred in the judgment.