[No. 21156. In Bank.—March 21, 1895.]

THE PEOPLE, RESPONDENT, *v.* WILLIAM M. FREDERICKS, APPELLANT.

CRIMINAL LAW—HOMICIDE—PLEADING—JURISDICTION OF OFFENSE.—Where the information alleges that the offense of murder was committed in the city and county of San Francisco, the fact that it does not allege that it was not committed within excepted limits over which the superior court has no jurisdiction, and over which the United States courts have exclusive jurisdiction, does not render the information defective, but if the offense was committed within the excepted territory, it is matter of defense to be specially pleaded by the defendant.

ID.—MOTION FOR CHANGE OF VENUE—POPULAR PREJUDICE—SUFFICIENCY OF SHOWING—WAIVER OF MOTION.—Where a motion for a change of

venue is made upon affidavits showing a strong *prima facie* case in sup-
port of the motion, on the ground of bias and prejudice of the people
against the defendant, without any counter-showing as to the condition
of the public mind in the locality where the defendant was to be tried,
the defendant is entitled to a change of venue, but where, after denial
of the motion, another opportunity is afforded by the court to the de-
fendant to urge the motion, and the hearing thereof is set for a partic-
ular date, at which time counsel for defendant failed to call up the
motion, and no action was taken upon it by the trial court, the failure
to urge the motion under these circumstances is an abandonment and
waiver of it.

ID.—CHALLENGE OF JUROR FOR ACTUAL BIAS—REVIEW UPON APPEAL.—The
supreme court can only review an order denying the challenge of a juror
upon the ground of actual bias, when the evidence upon the examina-
tion of the juror is so opposed to the decision of the trial court that the
question becomes one of law, and where the evidence is conflicting, or
shows a state of facts which might have justified the trial court in ex-
cluding the juror, the decision by the trial court as to the question of
fact is conclusive.

ID.—EVIDENCE—PURSUIT AND CAPTURE OF DEFENDANT.—Evidence is ad-
missible as to the pursuit and capture of the defendant immediately
after the commission of the homicide; and the prosecution has the
right to prove the facts pertaining thereto, rather than take an ad-
mission as to them from the defendant.

ID.—ADMISSIONS AND CONFESSIONS OF DEFENDANT.—Admissions and con-
fessions of the defendant, which it appears were freely and voluntarily
made, are properly received in evidence.

ID.—MOTION FOR NEW TRIAL—NEWLY DISCOVERED EVIDENCE—UNCERTI-
FIED AFFIDAVITS.—Where a motion for a new trial is made upon the
ground of newly discovered evidence, affidavits inserted in the transcript
which are not incorporated in any bill of exceptions, nor identified in
any way by the judge as having been used and considered upon the
hearing of the motion for a new trial, cannot be considered upon appeal.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco.

The facts are stated in the opinion of the court.

*G. E. Colwell,* for Appellant.

The forcing of the defendant to trial without an op-
portunity or time for him to prepare for his defense
was a material error. (Pen. Code, sec. 1052.)  Under
the excited condition of the entire community, and in
view of the haste displayed in forcing to trial, and in
the interest of justice, the motion for a change of place
of trial should have been granted.  It was an abuse of
discretion to deny it.  (Pen. Code, secs. 1033, 1035;

*People* v. *Yoakum*, 53 Cal. 566.) The challenge to the panel because of the bias of the officer summoning them should have been allowed. At least, the officer should have been examined. (Pen. Code, sec. 1060; *People* v. *Goldenson*, 76 Cal. 346; *People* v. *Coyodo*, 40 Cal. 586; Pen. Code, sec. 1064.) The defendant's peremptory challenges were all exhausted, and the disallowing the several challenges to the several talesmen, under section 1073, subdivision 2, of the Penal Code, was prejudicial. (*People* v. *Weil*, 40 Cal. 268.) In case of doubt the challenge should be allowed. (*People* v. *Brotherton*, 43 Cal. 530.)

*Attorney General W. H. H. Hart*, and *Deputy Attorney General Charles H. Jackson*, for Respondent.

GAROUTTE, J.—The appellant, Fredericks, was charged with the murder of one Herrick. He was subsequently convicted and a judgment of death passed upon him by the trial court. He now appeals from such judgment and from the order denying his motion for a new trial. Upon the morning of March 23, 1894, during business hours, Fredericks, in attempting to rob a savings bank in the city of San Francisco, precipitated a combat with the employees, at which time the cashier, Herrick, was shot and killed. Fredericks immediately fled from the scene of his crime, but was hotly pursued and captured within a few hours. Upon March 28th he was preliminarily examined by a committing magistrate and committed for trial. Upon March 29th an information was filed against him, and upon March 30th he was arraigned and allowed until April 2d to plead to the information. At that time, upon refusing to plead, a plea of not guilty was entered in his behalf, and the case set for trial April 5th, at 10 A. M. Upon that day the trial proceeded. At each step in these proceedings the defendant asked for more time, and excepted to the vaious orders of the court denying his request.

While the period of time, to wit, three days intervening between the arraignment and the commencement of

the trial of the defendant, might be ample time in some European countries to bring to trial, convict, and decapitate half a dozen criminals, yet in this country, where judicial tribunals are organized upon a different system, and where persons charged with crime have more rights under the law, we think this defendant might well have been allowed ten, twenty, or even thirty days to prepare for his defense. In view of the enormity of the charge against him; in view of the public clamor that was pursuing him; in view of his own poverty and friendlessness, the state could well have afforded to concede him such a continuance, in order that he might have full opportunity to make his defense, however weak it may have been when made. The state would have lost nothing by such a course, and justice would have been done just the same. While the state should administer justice to law-breakers with no laggard hand, yet, at the instance of public clamor or other causes, it is beneath its dignity to act with unseemly haste. We conclude this branch of the case by saying that we do not think the mere fact of fixing the day of the trial at a time so soon after the arraignment and plea, *ipso facto* furnishes sufficient ground for a reversal of the judgment.

1. It is claimed that the information is fatally defective in its statement of facts. While it alleges the offense to have been committed in the city and county of San Francisco, it is insisted that the superior court has no jurisdiction over certain territory situated within said city and county, and for that reason no jurisdiction is shown in the court by the information to try the case, there being no allegation contained therein denying the commission of the offense upon such excepted territory. This question of jurisdiction was directly presented to the court for consideration in the very recent case of *People* v. *Collins*, 105 Cal. 504, and it was there held that it could not be raised by demurrer or motion in arrest of judgment, but was a matter of defense.

2. Defendant's counsel moved for a change of venue, and in support of his motion read the affidavit of the

defendant and also his own.   The motion is based upon the ground that the defendant could not have a fair and impartial trial in the city and county of San Francisco, by reason of the bias and prejudice of the people against him, and was denied by the trial court.   The affidavits present a strong *prima facie* case in support of the motion, and were contradicted in no material part.   No counter-affidavits whatever were introduced, and the statement of the district attorney under oath in opposition to the granting of the motion related almost entirely to matters outside of the question of the condition of the public mind in the locality where the defendant was to be tried.   If the matter had rested at this stage of the proceedings we would feel in duty bound to grant a new trial of this case upon the showing made by defendant, and would be fully supported in such conclusion by both the cases of *People* v. *Yoakum*, 53 Cal. 566, and *People* v. *Goldenson*, 76 Cal. 328.   But subsequently, upon the seventh day of April, and during the impanelment of the jury, defendant's counsel was given a second opportunity to urge his motion for a change of venue, and the hearing thereof was set for April 9th.   At that time counsel failed to call up his motion, and no action whatever was taken upon it by the trial court. We deem counsel's conduct an abandonment and waiver of the whole question, and he cannot now insist upon a new trial upon a ruling of the trial court, when he had full opportunity to secure the results desired at the hands of that court; for we must assume that his motion when renewed would have been granted, if the facts and the law   demanded   it.   The facts disclosed by this record in this regard are similar to the facts of the case of *People* v. *Plummer*, 9 Cal. 298.   In that case, during the impanelment of the jury, counsel for defendant expressly declined to renew their motion for a change of venue which had previously been denied.   In the present case counsel in effect does the same thing, for after the motion is set for hearing he fails to press or even insist or ask that the court pass upon it.   In the Plum-

mer case the court disposed of the whole matter in these words: " There was no error in postponing the consideration of the application for a change of venue until an attempt was made to impanel a jury, and as the counsel, after a number of persons had been rejected, declined on the intimation of the court to renew his motion, he cannot take advantage of the failure to order a change of venue." This doctrine is approved in the later case of *People* v. *Goldenson, supra,* where this court said: " The motion was denied temporarily only, and, although permission was given to renew the application, no effort was afterward made to procure a change of venue." And it was held that the fact that defendant did not renew his application for a change of venue, at the time suggested by the court, was fatal to any claims which might be based upon the original application. (See, also, *State* v. *Gray,* 19 Nev. 212; *Hunter* v. *State,* 43 Ga. 483.)

3. This court is only allowed to review an order denying a challenge to a juror upon the ground of actual bias when the evidence upon the examination of the juror is so opposed to the decision of the trial court that the question becomes one of law, for it is only upon questions of law that this court has appellate jurisdiction in criminal cases. (See concurring opinion in *People* v. *Wong Ark,* 96 Cal. 129; *People* v. *Wells,* 100 Cal. 227·) In this case the examination of some of the venire, who were subsequently unsuccessfully challenged upon the ground of actual bias by the defendant, discloses a state of facts which might well have justified the trial court in excluding them from the jury-box. But the evidence of these various jurors taken upon their *voir dire* is not at all conclusive that they were disqualified from acting in the case. When the matter was submitted to the court for a decision upon the evidence taken, it can at least be said the question was an open one as to their disqualification. The evidence of each juror was contradictory in itself; it was subject to more than one con-

struction. A finding by the court either way upon the challenge would have support in the evidence, and under such circumstances the trial court is the final arbiter of the question. For under such conditions the question presented to this court by the appeal is one of fact, and our power to hear and determine is limited to appeals upon questions of law alone. For these reasons the counsel's contentions in this regard furnish no material to justify a retrial of the case. Neither do we find any merit in the exception to the order of the court in disallowing his challenge to the panel.

4. The trial court committed no error in admitting evidence as to the pursuit and capture of the defendant immediately after the commission of the homicide; and the prosecution had the right to prove the facts pertaining thereto if it deemed that course advisable, rather than take an admission as to them from the defendant. We do not discover any error in the admission of defendant's statements and confessions. It appears that they were freely and voluntarily made.

5. It is claimed that the verdict is contrary to the evidence. Defendant's counsel declares that the evidence shows conclusively that it was a physical impossibility for the defendant to have fired the shot that killed the deceased. In answer to this contention it is sufficient to say that the witness Melvin testified in direct terms that defendant fired the fatal shot, and the defendant himself admits the fact. Under these circumstances we will not disturb the verdict upon the ground of the insufficiency of the evidence upon the point as to who fired the fatal shot.

6. After conviction defendant made a motion for a new trial, and, as one of his grounds, relied upon newly discovered evidence. We find within the lids of the transcript certain affidavits which counsel in his brief assumes were used by him as the basis of his motion for a new trial. They are not incorporated in any bill of exceptions. Neither are they identified in any way by

the judge as having been used and considéred upon the hearing of the motion for a new trial. The purported affidavit of one Henderson as to his examination of the gunshot marks in the bank upon the morning after the homicide, and to the further fact that he noticed upon the floor outside of the counter broken glass, from the hole made by the bullet in the glass near the cashier's window, is not even subscribed and sworn to; and none of the affidavits, with but a single exception, appear to have been filed with the clerk. For the reason that there is nothing to indicate, even inferentially, that these affidavits were used upon the hearing of the motion for a new trial, we are not authorized to consider them. We do not even intimate that a new trial would be granted upon the showing made by these affidavits if they were properly authenticated as having been used at the hearing. They were all directed to the point that the defendant did not fire the fatal shot, but that Marvin, Herrick's assistant, accidentally did. All of them, except the one not signed and sworn to, tended to show that Herrick's clothing, at the point where the bullet entered, was powder-burned, and that a shot, in order to so powder-burn the clothing, could not have been fired at a distance of more than two feet. It appears by the record that defendant's counsel formulated his defense upon the foregoing lines as early as March 30th, and by the exercise of due and proper diligence it seems to the court that prior to the time he was called upon to present his defense to the jury, which was some two weeks later, he must have had ample time and opportunity to have examined the clothing of the deceased in relation to powder-burns, and have been prepared to produce before the jury expert witnesses as to the distance powder-burns could be made in clothing from a pistol-shot.

There is nothing further disclosed by the record demanding our consideration.

For the foregoing reasons the judgment and order are affirmed.

McFarland, J., Van Fleet, J., and Harrison, J., concurred.

Rehearing denied.