[Crim. No. 1736. In Bank.—September 23, 1912.]

## THE PEOPLE, Respondent, v. WEBB EDWARDS, Appellant.

CRIMINAL LAW—EXAMINATION OF JURORS—QUESTIONS SOLELY FOR PURPOSE OF PEREMPTORY CHALLENGE NOT ALLOWABLE.—The Penal Code does not authorize, nor is there any necessity for, the examination of a juror on his *voir dire* solely for the purpose of determining whether a peremptory challenge should be used upon him, nor the allowance of questions which do not tend to prove some fact material to a challenge for cause.

ID.—CHALLENGES FOR CAUSE—DISPOSITION OF BEFORE PEREMPTORY CHALLENGES.—The law contemplates that all challenges for cause, including the examination of jurors preparatory thereto and upon the trial thereof, shall be disposed of before any peremptory challenges are in order.

ID.—QUALIFICATION OF JUROR HAVING FIXED OPINION—CONFLICTING STATEMENTS ON VOIR DIRE.—In a prosecution for rape, a prospective juror, who stated on his *voir dire* that he had talked with other persons, not witnesses, about the merits of the case, and that from what he had read and heard he had formed an opinion as to the guilt or innocence of the defendant, which was so fixed that it would require evidence to remove it, and that it was founded entirely upon public rumor and what he had read, but that notwithstanding such opinion, he could and would, if sworn as a juror in the case, set aside the opinion and act entirely upon the evidence as introduced, and act fairly and impartially as a juror upon the evidence given, was qualified to act as a juror under section 1076 of the Penal Code; and the fact that some parts of his examination contained statements inconsistent with such statement merely raised a conflict of evidence as to his state of mind, upon which the decision of the trial court is conclusive.

ID.—STATUTORY RAPE—LACK OF OUTCRY OR COMPLAINT—INSTRUCTIONS. On a prosecution for statutory rape upon a girl under the age of sixteen years, who voluntarily submits thereto, the fact that the victim made no outcry or complaint is immaterial, and an instruction, asked by the defendant, that the jury should consider such fact, was properly refused.

APPEAL from a judgment of the Superior Court of Tulare County and from an order refusing a new trial. W. B. Wallace, Judge.

The facts are stated in the opinion of the court.

H. T. Miller, J. R. Dorsey, and Thomas Scott, for Appellant.

U. S. Webb, Attorney-General, for Respondent.

SHAW, J.—The appeal is from the judgment and from the order denying a new trial.

Defendant was charged, upon information, with the crime of rape upon a girl then under the age of sixteen years.

1. It is claimed that the court erred in refusing to allow defendant's counsel to examine a juror upon the *voir dire,* for the purpose of determining whether or not a peremptory challenge should be used upon him. The records of the cases appealed to this court in which rulings made while impanelling a jury have been involved, indicate that there is an increasing tendency to prolong the proceedings inordinately by allowing counsel on either side to indulge in tedious examinations of jurors, apparently with no definite purpose or object in view, but with the hope of eliciting something indicating the advisability of a peremptory challenge, and that the supposed privilege of doing this has been greatly abused. Remarks in some of the decisions in this state upon this subject are apparently conflicting. It may be that this has led trial courts to give counsel great latitude, rather than risk prejudicial error by confining the examination to reasonable limits. We deem it important, therefore, to review the subject and declare the rule so that the trial courts may confidently follow it.

The Penal Code divides challenges into two kinds: 1. To the panel; 2. To an individual juror (sec. 1055). The latter kind is again divided into two classes,—namely, peremptory challenges and challenges for cause (sec. 1067). A peremptory challenge is defined as "an objection to a juror for which no reason need be given, but upon which the court must exclude him." (Sec. 1069.) This definition shows that no issue of fact can possibly arise with regard to the reasons for such challenge. In sections, from 1071 to 1078 inclusive the Penal Code defines the several kinds of challenges for cause and prescribes the mode of forming issues of fact as to the grounds upon which they may be predicated. It then proceeds to provide the manner of trying such issue as follows:—

"Section 1081. Upon the trial of a challenge to an individual juror, the juror challenged may be examined as a witness to prove or disprove the challenge, and must answer every question pertinent to the inquiry."

"Section 1082. Other witnesses may also be examined on either side, and the rules of evidence applicable to the trial of other issues govern the admission or exclusion of evidence on the trial of the challenge."

These provisions and those relating to the formation of such issues seem to assume that the challenge for cause and the denial of the fact asserted as the foundation thereof should precede the examination of a juror. In practice, however, it usually saves time and promotes justice to allow the party to first elicit the facts by questioning the juror, and this course is generally followed. (*People* v. *Reynolds,* 16 Cal. 131). There is no other provision for the examination of jurors either to prepare for or to prove the basis for a challenge to an individual juror. It is clear that the foregoing sections do not relate to or authorize the examination of a juror for the purpose of enabling the parties intelligently to determine whether or not to make a peremptory challenge. This is shown, not only by the language of the sections mentioned and quoted, which provide only for questions pertinent to the *issue,* but also by the succeeding sections relating to the order of challenges. Thus, section 1087 declares that they must be taken "in the following order, including in each challenge all the causes of challenge belonging to the same class: 1. To the panel; 2. To an individual juror, for a general disqualification (see sec. 1072) ; 3. To an individual juror for an implied bias; 4. To an individual juror for an actual bias." Section 1088 then declares that "if all challenges on both sides are disallowed, either party, first the people and then the defendant, may take a peremptory challenge, unless the parties' peremptory challenges are exhausted." It is thus clearly shown that the law contemplates that all the challenges for cause, including the examination of jurors preparatory thereto and upon the trial thereof, shall be disposed of before any peremptory challenges are in order. The conclusion is that there is no statutory authority for the examination of jurors solely for the purpose of a peremptory challenge or for

the allowance of questions which do not tend to prove some fact material to a challenge for cause.

There is no real necessity for giving either party this privilege. It tends to encourage inquiries into matters wholly collateral to the case in hand. The field of inquiry upon subjects properly involved in the endeavor to ascertain whether the juror is free from actual or implied bias is so broad that it will give each party ample opportunity to obtain information concerning the advisability of making peremptory challenges to the respective jurors. Turning now to the previous decisions of this court, we find that in *Watson* v. *Whitney,* 23 Cal. 379, and *People* v. *Soy,* 57 Cal. 102, there are remarks to the effect that a party has a right to question a juror for the sole purpose of deciding whether or not to exercise a peremptory challenge upon him. But, as is pointed out in *People* v. *Hamilton,* 62 Cal. 382, the questions in each of those cases were allowable because they tended to elicit facts constituting grounds for a challenge for cause, and the remarks relating to peremptory challenges were *obiter dictum.* In the last mentioned case, *People* v. *Hamilton,* the court carefully reconsidered the question, and, in effect, overruled the *dicta* of the two previous cases. After referring to the provisions for inquiry concerning challenges for cause, the court in the Hamilton case, says:

"After giving the opportunity thus to ascertain the existence or nonexistence of implied or actual bias, the Penal Code accords to a defendant on trial for an offense punishable with death twenty *peremptory* challenges. These he exercises at his own volition. The state cannot say he ought not to challenge peremptorily a particular juror. No issue is raised upon the result of the trial of which his right depends. As no issue can be made or tried, to which the question, intended simply to enable a defendant to make up his mind whether he will challenge peremptorily, can apply, it would follow, if appellant is right, that the trial court can place no limit upon the questions which defendant may choose to ask. While, therefore, a defendant may, when the opportunity to interpose a peremptory challenge arises, have the benefit of any information acquired during the trial of a challenge for implied or actual bias, he cannot embark in a general exploration for the sole purpose of satisfying himself whether it will be safe

to be tried by a juror against whom no legal objections can be urged."

This decision may be said to establish the law in this state on the subject. It was cited with approval in *People* v. *Plyler,* 126 Cal. 381, [58 Pac. 904], and it was approved and followed by this court in *People* v. *Brittan,* 118 Cal. 412, [50 Pac. 664], and by the district court of appeal in *People* v. *Trask,* 7 Cal. App. 105, [93 Pac. 891]. Some remarks of the court in the opinion in *People* v. *Helm,* 152 Cal. 546, [93 Pac. 99], appear to have occasioned some doubt of the authority of the previous decisions. There, the defendant being on trial for the murder of one Hayes, it was ascertained that he had previously been subjected to a preliminary examination on a charge of murdering one Jackson. A juror stated he had an opinion as to his guilt or innocence in the Jackson case. The court refused to allow the defendant to ask the juror if he believed that the defendant was guilty of the murder of Jackson. This court held that this ruling was error, saying that the question was proper because an affirmative answer would be relevant to the question of actual bias of the juror against the defendant, and for the additional reason that it would enable the defendant to decide whether or not to excuse him peremptorily. It will be observed that the question rejected was obviously proper as to actual bias, and that the second reason given in the opinion was unnecessary to the decision. The case is, in that respect, parallel with the cases of *Watson* v. *Whitney,* 23 Cal. 379, and *People* v. *Soy,* 57 Cal. 102, which were overruled in the Hamilton case. In the Helm case the court's attention was not called to the previous decisions in the Hamilton and Brittan cases. The remark concerning peremptory challenges must, under these circumstances, be regarded as *obiter* and the case is not authority on the question. The court below was correct in refusing to allow the examination to proceed for the sole purpose of exercising peremptory challenges thereon.

2. The juror McIntyre stated that he had talked with other persons, not witnesses, about the merits of the case and that from what he had read and heard he had formed an opinion as to the guilt or innocence of the defendant, that the opinion was so fixed that it would require evidence to remove it, and that it was founded entirely upon public rumor and what he

had read, and that notwithstanding such opinion, he could and would, if sworn as a juror in the case, set aside the opinion and act entirely upon the evidence as introduced, and act fairly and impartially as a juror upon the evidence given. This qualified him as a juror under section 1076 of the Penal Code. The fact that some parts of his examination contained statements by him inconsistent with the above statement merely raised a conflict of evidence as to his state of mind. Upon such conflict the decision of the trial court is conclusive. (*People* v. *Loper,* 159 Cal. 11, [Ann. Cas. 1912B, 1193, 112 Pac. 720] ; *People* v. *Riggins,* 159 Cal. 117, [112 Pac. 862] ; *People* v. *Ryan,* 152 Cal. 371, [92 Pac. 853].)

It is suggested that it does not affirmatively appear, from the juror's testimony, that the persons to whom he talked about the case were not witnesses. On this point he was asked "Have you talked it over with any witnesses in the case?" His answer was "Not that I know of; I don't know any of the witnesses, no." The trial court might reasonably have understood that the last word "No" was intended as a positive denial. Furthermore, he stated positively in answer to other questions that his opinion was founded entirely upon public rumor and what he had read. It is not claimed that he had read anything except public journals. The decision of the trial court upon this question of fact is, upon the authorities above cited, conclusive. The juror appeared to be fair and impartial in all other respects. The challenge was properly denied.

3. The court correctly refused the instruction asked by defendant to the effect that the jury should consider the fact that the victim had made no outcry and had concealed the act of sexual intercourse for several days after it was committed. This was not a case of rape committed by force or violence, but a voluntary act of sexual intercourse to which the girl had, in fact, consented and which constitutes rape solely because the statute makes her incapable of giving a legal consent because of her tender years. In such cases the fact that the victim makes no outcry or complaint is immaterial. (*People* v. *Jacobs,* 16 Cal. App. 478, [117 Pac. 615] ; *People* v. *Howard,* 143 Cal. 324, [76 Pac. 1116].)

Other rulings denying challenges, refusing instructions, and admitting or rejecting evidence are complained of, but they

are of no substantial importance, and we are satisfied that the defendant was not prejudiced thereby. We do not deem any of these points of sufficient merit or general importance to justify further mention. The evidence of the defendant's guilt was clear and we see no ground for reversing the judgment or order.

The judgment and order are affirmed.

Henshaw, J., Melvin, J., Angellotti, J., Sloss, J., and Lorigan, J., concurred.