[Crim. No. 229.    Second Appellate District.—October 8, 1912.]

## THE PEOPLE, Respondent, v. S. H. OVERACKER, Appellant.

CRIMINAL LAW—IMPANELMENT OF JURY—CHALLENGES FOR CAUSE—QUESTIONS OF FACT—REVIEW UPON APPEAL.—A trial judge, in the impanelment of the jury in a criminal case, in determining whether any juror challenged for cause can lay aside any preconceived opinion which he may have, and act fairly and impartially, is called upon to determine questions of fact; and when the evidence as presented to the trial judge is such as may justify a conclusion either in the affirmative or negative, his determination thereon is final and conclusive.    The appellate court can only review the evidence when it is so entirely uncontradictory as to present a question of law.    It is held that the state of mind of each of the jurors objected to was such as to sustain the rulings of the trial judge upon challenges for cause.

ID.—INSTRUCTIONS—REVIEW.—The instructions to the jury are to be considered as a whole, and if when they are so considered, they may be said to make a fair statement of the law, they will be held to be sufficient and without error.    It is held that the instructions as given were not misleading to the jury, but that they sufficiently defined the law as applicable to the facts shown by the evidence.

ID.—ABSENCE OF ERROR IN RECORD—SUPPORT OF VERDICT FOR MANSLAUGHTER.—It is held that no prejudicial error appears in the

record; but that all of the substantial rights of the defendant in the course of the trial were fairly guarded; and that the verdict for manslaughter was supported by the evidence, and that by his conviction thereof, no miscarriage of justice is shown.

APPEAL from a judgment of the Superior Court of Orange County and from an order denying a new trial. Z. B. West, Judge.

The facts are stated in the opinion of the court, which refers for a statement of the evidence, to the decision upon the former trial reported in *People* v. *Overacker,* 15 Cal. App. 620.

Davis & Bush, and B. E. Tarver, for Appellant.

U. S. Webb, Attorney-General, and George Beebe, Deputy Attorney-General, for Respondent.

JAMES, J.—Defendant was charged with having committed the crime of murder by killing one Gustavus A. Winn. Upon trial under that charge he was found guilty by a jury of the crime of manslaughter. An appeal has been taken from the judgment of imprisonment entered against him and from an order made denying a motion for a new trial. Upon a former trial the same defendant was convicted of murder in the first degree, and this court upon appeal reversed the judgment and order denying a new trial. (See *People* v. *Overacker,* 15 Cal. App. 620, [115 Pac. 756].) In the decision just cited is contained a general statement of facts from which the evidence heard at the second trial made no substantial variance. It will therefore not be necessary to reiterate here that narrative.

Among the errors assigned it is claimed on behalf of defendant that the trial court decided wrongly in its rulings on challenges for cause interposed as to a number of the jurors. Only two of such jurors so objected to remained upon the jury, however, as the defendant, exercising his right to peremptorily challenge the persons offered, excused all of them except L. C. Shadel and William Boyer. When the jury was finally completed and sworn defendant had exhausted all of his peremptory challenges. It is, therefore,

shown that the defendant, by reason of not having the right
to exercise further peremptory challenges, was compelled to
accept two men who were not satisfactory to him. All of the
jurors challenged on the ground that they entertained an
actual bias as to the defendant's guilt or innocence, disclosed
upon their examination that they had formed opinions upon
the matter at issue, and nearly all of them stated that it
would require evidence to remove such opinion. They were,
therefore, disqualified to act, unless it was made to appear,
under the exceptional cases provided for by section 1076 of
the Penal Code, that their opinions were founded upon public
rumor, statements in public journals, or common notoriety,
and that they could, notwithstanding such opinions, act im-
partially and fairly upon the matters to be submitted to them.
A trial judge in determining the competency of a juror and
in deciding whether such juror can lay aside any precon-
ceived opinion which he may have and act fairly and impar-
tially, is called upon to determine questions of fact, and an
appellate court in reviewing such rulings will find no question
of law presented unless the evidence taken upon the examina-
tion of the juror is entirely uncontradictory. In other words,
if the evidence as presented to the trial judge is such as might
justify a conclusion to be made thereon, either in the affirma-
tive or negative, of the question of competency, the deter-
mination of the trial court upon that question is final and
conclusive. In the case of *People* v. *Ryan*, 152 Cal. 364, [92
Pac. 853], the supreme court has stated the rule in the follow-
ing language: ''The trial court must decide which of the an-
swers most truly shows the juror's mind. It should, of course,
be liberal in giving the defendant and the people the benefit
of any doubts that may arise as to the fairness of the juror
and his ability to lay aside any preconceived impressions and
should excuse the juror if such doubt is created. But where
there are such contradictions its decision is binding upon this
court.'' To the same point may also be cited the following
cases: *People* v. *Fredericks*, 106 Cal. 554, [39 Pac. 944];
*People* v. *Loper*, 159 Cal. 6, [Ann. Cas. 1912B, 1193, 112 Pac.
720]; *People* v. *Edwards*, 163 Cal. 752, [127 Pac. 58].) We
have made a close and careful examination of the record of
the proceedings had upon the impanelment of the jury and are
of the opinion that the evidence given as to the state of mind

of each of the jurors objected to by the defendant is sufficient to sustain the conclusions of the trial judge and his rulings made upon challenges for cause. In the case of none of the jurors objected to on the ground of actual bias can it be said that the evidence did not show that their opinions were based upon some of the matters mentioned in section 1076 of the Penal Code as being insufficient to disqualify a juror, provided it appeared that he could lay aside such opinion and act fairly and impartially. Neither can it be said from the evidence that it did not appear to the trial court that such jurors could lay aside such opinions and act in the trial without bias.

It is the earnest contention of counsel for defendant that the court by its instructions misdirected the jury. The claim is made that under the instructions as given the jury could have reasonably understood the court to say that if they believed the defendant to have been insane at the time he killed the deceased, they should, nevertheless, find him guilty of manslaughter, and that the plea of self-defense under such facts would be of no avail. To us the plain effect and meaning of the instructions do not support the construction given them by the defendant. The charge was lengthy and, as is usually the case, many instructions were offered on the part of the prosecution and perhaps more submitted on behalf of the defendant. As ordinarily happens the instructions on behalf of the prosecution were framed to support particularly the side of the people and those for the defendant were designed to give great prominence to all features of the law favorable to the defense. The rule of analysis is, where instructions of the trial court are presented for examination, to take into view not an isolated portion thereof, but to consider the charge as a whole. If when so considered the instructions may be said to make a fair statement of the law, then they will be held to be sufficient and without error. This rule has been so often laid down in the decisions of our supreme court as to make unnecessary the citation here of particular cases. Measured by this standard, we are of the opinion that the instructions as given in this case by the trial judge were not such as to mislead the jury, but that they sufficiently defined the law as applicable to the facts shown by the evidence. Nor do we find any error of a substantial nature in any of the rulings of the court upon the admission or rejection of testimony,

or because of remarks made by the judge during the course of the trial. The evidence was entirely sufficient to support the verdict of the jury, for in no instance where a contention is made in behalf of defendant that there is a failure of proof can it be said that there was not some testimony on both sides of the question. We have scrutinized the record very closely and are impressed with the conviction that in the trial of this defendant all of his substantial rights were fairly guarded, and that by his conviction of the crime of manslaughter there is not shown to have been a miscarriage of justice.

The judgment and order appealed from are affirmed.

Allen, P. J., and Shaw, J., concurred.