[Crim. No. 441. Second Appellate District.—January 28, 1916.]

THE PEOPLE, Respondent, v. GEORGE ECTON, Appellant.

CRIMINAL LAW—EXAMINATION OF TALESMEN—PEREMPTORY CHALLENGE. The limitation of examination of jurors on their *voir dire* for the purpose of exercising a peremptory challenge is very completely within the discretion of the judge, and defendant is not entitled to embark in a general exploration for the sole purpose of satisfying himself whether it would be safe to try the case before a juror against whom no legal objection can be urged.

ID.—CROSS-EXAMINATION—LIMITATION OF.—Refusal to allow defendant's counsel to cross-examine a witness with respect to his testimony at

the preliminary examination in a murder case, which affected only
the form of the questions and did not deny the right to ask appro-
priate questions showing contradictions and inconsistencies, is not
erroneous.

ID.—ARGUMENT—READING NEWSPAPERS.—In such a case refusal of the
court to allow the reading in argument of extracts from newspapers
is not erroneous where the record fails to show what the offered ex-
tracts were, or what relation, if any, they might have had to the
subject matter of the case.

APPEAL from a judgment of the Superior Court of Los
Angeles County, and from an order denying a new trial.
Frank R. Willis, Judge.

The facts are stated in the opinion of the court.

E. M. Barnes, for Appellant.

U. S. Webb, Attorney-General, and Robert M. Clarke, Dep-
uty Attorney-General, for Respondent.

CONREY, P. J.—The defendant was convicted of the
crime of murder and sentenced to imprisonment for life. The
appeal is from the judgment and from an order denying his
motion for a new trial.

The alleged errors complained of by appellant are that the
court improperly limited his counsel in the examination of
jurors; that the court refused to permit him to ask certain
questions in cross-examination of one of the state's witnesses;
and that the court refused to allow appellant's counsel in
his argument to the jury to read to the jury, by way of illus-
tration, "extracts from the daily papers of Los Angeles,"
which extracts were not in evidence.

On the first point, it is insisted that counsel was entitled
to ask the questions for the purpose of obtaining information
which would enable him to determine whether he would or
would not exercise a peremptory challenge. The limitation
of examinations of jurors on their *voir dire* for that purpose
is very completely within the discretion of the judge, and
defendant is not entitled to "embark in a general exploration
for the sole purpose of satisfying himself whether it will be
safe to be tried by a juror against whom no legal objections
can be urged." The rulings were correct. (*People* v.
*Edwards,* 163 Cal. 752, [127 Pac. 58].)

The court's refusal to allow defendant's counsel to cross-examine the witness Stevens with respect to his testimony at the preliminary examination affected only the form of the questions, and did not go to the extent of denying the right to ask appropriate questions showing contradiction or inconsistency between the testimony of Stevens at this trial and that given by him at the preliminary examination.

As to the refusal of the court to allow the reading in argument of extracts from newspapers, it need only be said that the record fails to show what the offered extracts were or what relation, if any, they might have had to the subject matter of this case. The "suggestion of diminution of the record," attempted to be made by counsel, is wholly insufficient.

The judgment and order are affirmed.

James J., and Shaw, J., concurred.