[Crim. No. 613. In Bank.—August 30, 1900.]

THE PEOPLE, Respondent, *v.* W. E. MITCHELL, Appellant.

CRIMINAL LAW—HOMICIDE—SUPPORT OF VERDICT—INSTRUCTIONS AS TO JUSTIFIABLE HOMICIDE — APPEARANCE OF DANGER.— A verdict of guilty of murder in the second degree will not be disturbed as contrary to the evidence or to the instructions of the court where there is no pretense that the defendant was in actual danger at the time of the killing, and the jury might find from the evidence that he was not actuated by a reasonable

fear that the deceased was about to kill or severely injure him when he killed the deceased, and the court gave full and correct instructions on the law of justifiable homicide and appearance of danger, and told the jury that if they had a reasonable doubt as to whether the defendant had reason to believe, as a reasonable man, that he was in danger of being killed or severely injured by the deceased at the time he shot deceased, they should acquit the defendant.

ID.—GOOD CHARACTER OF DEFENDANT—INSTRUCTION.—An instruction to the effect that the good character of the defendant for peace and quietness, if proved to the satisfaction of the jury, is to be considered in connection with the other facts of the case, and kept in view in all their deliberations, and that they are to acquit the defendant if they have a reasonable doubt of his guilt in view of all the evidence, but that if the evidence convinces them beyond a reasonable doubt of his guilt, they must so find, notwithstanding his good character, is correct, and does not imply that the evidence of good character is not to be considered in determining the question of guilt.

ID.—FAMILIARITY OF DECEASED WITH DEFENDANT'S WIFE—IRRELEVANT AND HEARSAY EVIDENCE—HARMLESS RULING.—Irrelevant evidence as to the interchange of Christmas presents between the deceased and the wife of the defendant, and hearsay evidence as to common talk and scandal coming to the ears of a witness as to the attentions of deceased to defendant's wife, were properly excluded. Their exclusion could not have harmed the defendant where it was abundantly shown without objection that the defendant had occasion to be and was jealous of the deceased, and the defendant had the benefit of whatever advantage might accrue to him from presenting to the jury the real or supposed wrong which deceased had done him in his domestic relations.

ID.—NEWLY DISCOVERED EVIDENCE—DISCRETION.—Where it does not appear that the court abused its discretion in not granting a new trial on the ground of newly discovered evidence, its order denying a new trial will not be disturbed on that ground.

APPEAL from a judgment of the Superior Court of Tuolumne County and from an order denying a new trial. G. W. Nicol, Judge.

The facts are stated in the opinion of the court.

F. W. Street, and Crittenden Hampton, for Appellant.

Tirey L. Ford, Attorney General, and C. N. Post, Assistant Attorney General, for Respondent.

McFARLAND, J.—The appellant was charged with the murder of one John Sheehan, and was convicted of murder in the second degree. He appeals from the judgment and from an order denying his motion for a new trial. We will notice the five points made for a reversal.

The contention of appellant that the verdict is contrary to the evidence cannot be maintained. It was clearly shown, and is admitted by appellant, that appellant shot and killed the deceased; but he contends that the homicide was committed in justifiable self-defense. The evidence does not afford any opportunity for any pretense that appellant was in actual danger at the time of the killing; the deceased was unarmed, and had made no attack on appellant. But it is contended that the homicide occurred under such circumstances that appellant was justified in supposing that he was in danger, and that he fired the fatal shots under reasonable fear of being killed or severely injured by the deceased. There is no question in the case as to the law on the subject; the court in its own charge, and in instructions given at the request of appellant, fully and correctly stated the law as to appearances. Among the instructions asked and given was the following: "If the jury have a reasonable doubt as to whether the defendant had a reason to believe, as a reasonable man, that he was in danger of being killed or seriously injured by the deceased at the time he shot deceased, then you will acquit the defendant." The jury were also told that even if they found that the deceased was unarmed, "in the absence of proof on the subject the jury will not assume the fact to be that defendant knew the deceased was unarmed." Appellant does not complain of the instructions on this subject, and he certainly could not have expected any more favorable to him. The jury, therefore, were fully informed on this point, and could not have acted under any misunderstanding of the law on the subject. This contention of appellant, therefore, is reduced to the proposition that the evidence did not warrant the jury in finding that when he killed the deceased he was not actuated by a reasonable fear that deceased was about to kill him or to severely injure him, and that for this reason the judgment should be reversed. But this proposition is not maintainable. It is sufficient to say that the evidence relied

on as supporting the proposition is slight and meager in the extreme, and that there is no sound reason for expecting this court to disturb the verdict on this ground. The same view must prevail as to the appellant's second point, namely: That the verdict is contrary to law because inconsistent with the court's instruction as to justifiable homicide.

There is only one objection to the instructions of the court to the jury, and that is based upon a part of the instruction as to good character. The whole instruction is as follows: "The defendant has introduced evidence before you tending to show his good character for peace and quietness. If, in the present case, the good character of the defendant for these qualities is proven to your satisfaction, then such fact is to be kept in view by you in all your deliberations, and it is to be considered by you in connection with the other facts in the case, and if after a consideration of all the evidence in the case, including that bearing upon the good character of the defendant, the jury entertain a reasonable doubt as to defendant's guilt, then I charge you it is your duty to acquit him. But if the evidence convinces you beyond a reasonable doubt of defendant's guilt, you must so find, notwithstanding his good character." The objection is to the last sentence, with respect to which counsel say: "It implies, or at least the jury could infer from that language, that they must be convinced beyond a reasonable doubt of defendant's guilt from the evidence taken in the case, excluding from their minds the evidence offered in reference to defendant's good character." This is not an admissible interpretation of the instruction. Upon this point it simply told the jury that "if, after a consideration of all the evidence in the case, including that bearing upon the good character of the defendant, . . . . the evidence convinces you beyond a reasonable doubt of defendant's guilt, you must so find, notwithstanding his good character." It cannot be distinguished from an instruction on this subject approved in *People v. Smith*, 59 Cal. 607, which concludes as follows: "But if, after a full consideration of all the evidence adduced, the jury believe the defendant to be guilty of any degree of crime, they should so find, notwithstanding the proof of good character."

Appellant contends that the judgment should be reversed

because the court erred in sustaining an objection to the following question asked of one of his witnesses: "Do you know of Mrs. Mitchell putting a Christmas present on the tree for John Sheehan, and he one for Mrs. Mitchell?" and also that the court erred in sustaining objections to the two following questions asked of another witness: "Did the fact of John Sheehan's attentions to your wife become common talk and scandal, and come to your ears in that way?" and, "Did it come to your ears from many, or any, sources that John Sheehan was paying attentions to your wife after that time and visiting her?" Considering the circumstances of this case and the character of the defense, these questions were irrelevant and hearsay, and the objections to them were properly sustained. It may be remarked, however, that it was abundantly shown that appellant was jealous of the deceased, and that a great deal of evidence was introduced, without objection, which tended in a much greater degree than answers to the questions ruled out would have tended to show that there was some foundation for the jealousy. The appellant, therefore, had the benefit of whatever advantage might accrue to him by presenting to the jury the real or supposed wrong which the deceased had done him in his domestic relations.

As to the point of newly discovered evidence, it is enough to say that the showing is not sufficient to warrant us in holding that the trial court abused its discretion in not granting a new trial on that ground. (See *People v. Demasters,* 109 Cal. 608.)

The judgment and order appealed from are affirmed.

Temple, J., Henshaw, J., Garoutte, J., Van Dyke, J., Harrison, J., and Beatty, C. J., concurred.