[Crim. No. 195. Second Appellate District.—June 20, 1911.]

## THE PEOPLE, Respondent, v. W. H. JACOBS, Appellant.

CRIMINAL LAW—RAPE—INTERCOURSE WITH FEMALE UNDER AGE OF CONSENT—SUPPORT OF VERDICT—CREDIBILITY OF PROSECUTING WITNESS FOR JURY.—It is held that, upon the trial of a prosecution for rape committed by the defendant in having sexual intercourse with a female under the age of consent, the evidence of the prosecutrix read in connection with that of a physician warranted the jury in its verdict; and that the credibility of the prosecuting witness, notwithstanding some contradictory and improbable statements, was for the jury, and that its verdict of guilty cannot be disturbed upon appeal.

ID.—REQUEST EMBODYING STATEMENTS AS TO EVIDENCE OF PARTICULAR WITNESS—PROPER REFUSAL IN VIEW OF CHARGE.—The court properly refused a requested instruction embodying statements with reference to the evidence of a particular witness, where it had already given a general instruction as to the right of the jury to disregard the whole uncorroborated story of any witness whom they believed testified falsely.

ID.—REQUEST AS TO OPPORTUNITY AND FAILURE OF PROSECUTRIX TO MAKE COMPLAINT—PROPER REFUSAL.—It is held that the court did not err in refusing a requested instruction to the effect that opportunity of the prosecutrix to make complaint to her mother, and her failure to do so for an unreasonable time, where no threat was shown by defendant, was a circumstance to be considered as tending to show the improbability of the commission of the offense.

ID.—INAPPLICABLE RULE—FAILURE OF PROSECUTRIX TO MAKE OUTCRY OR COMPLAINT—DISTINCTION AS TO AGE OF CONSENT.—The rule ap-

plicable in cases of failure of a prosecutrix for rape, who is over the age of consent, to make outcry or complaint within a reasonable time, has no application in cases where the willingness of the prosecuting witness is immaterial by reason of her inability to consent, since in such cases the matters involved in outcry or complaint have no significance.

ID.—EVIDENCE OF OTHER ACTS OF SEXUAL INTERCOURSE PRIOR TO DATE ALLEGED.—Evidence of other acts of sexual intercourse in this case between the parties prior to the date set out in the information was admissible as tending to prove the main allegation.

APPEAL from a judgment of the Superior Court of Los Angeles County.   George R. Davis, Judge.

The facts are stated in the opinion of the court.

J. B. Holly, for Appellant.

U. S. Webb, Attorney General, and George Beebe, Deputy Attorney General, for Respondent.

ALLEN, P. J.—Defendant was convicted of rape, the prosecuting witness being under the age of consent.   From the judgment defendant appeals.

There is no merit in appellant's contention that the crime and defendant's connection therewith was not established. The evidence of the prosecuting witness, read in connection with that of a physician, warranted the jury in its verdict. While certain statements of the prosecuting witness were contradictory and others recounted matters highly improbable, nevertheless, the questions of fact were for the jury, and with its determination we must remain content.

The court properly refused an instruction embodying statements with reference to the evidence of a particular witness. It had already given a general instruction as to the right of the jury to disregard the whole uncorroborated testimony of any witness whom they believed had testified falsely.   This covered the ground and embraced all that defendant was entitled to in the premises.

The court did not err in refusing an instruction to the effect that opportunity to make complaint to the mother and failure to do so for an unreasonable time, where no threat was shown by defendant, was a circumstance to be considered as tending to show the improbability of the commission of the

offense. The admission of evidence tending to show statements concerning the outrage made at the first opportunity, where the victim was of consent age, has always been permitted as tending to show that she was an unwilling victim, and has been regarded as original evidence; and the fact that no outcry was made when other parties were known to be near, or no complaint made, has been received in evidence and regarded as a circumstance proper to be shown as affecting the question of willingness or unwillingness upon the part of the victim. In cases, however, where the willingness of the prosecuting witness is immaterial by reason of inability to consent, the matters involved in outcry or complaint have no significance. Neither was there error in refusing the fourth instruction offered by defendant, there being no evidence presented warranting the same. Evidence of other acts of sexual intercourse between the parties prior to the date set out in the information was admissible as tending to prove the main allegation. (*People* v. *Castro,* 133 Cal. 12, [65 Cal. 13] ; *People* v. *Koller,* 142 Cal. 625, [76 Pac. 500].)

We see no prejudicial error in the record, and the judgment is affirmed.

James, J., and Shaw, J., concurred.