[Crim. No. 186.    Third Appellate District.—October 15, 1912.]

THE PEOPLE, Respondent, v. FRANK SILVA, Appellant.

CRIMINAL LAW—GOOD CHARACTER OF DEFENDANT—REFUSAL OF REQUESTED INSTRUCTION—PRINCIPLE INVOLVED IN REQUEST GIVEN.—A requested instruction, in a criminal case, "that if the defendant be proved of good character as to truth, veracity, honesty, morality and integrity, such good character may be sufficient to create and generate a reasonable doubt of his guilt, although no such doubt would have existed but for such good character" was properly refused, where the principle involved was fully covered in another instruction given at defendant's request, "that good character is of importance to a person charged with crime; and you have a right to consider

whether the person of good character would be less liable to be guilty of crime than a person of bad habits and character. The good character of the defendant, when proven, is itself a fact in the case; it is a circumstance tending in a greater or lesser degree to establish his innocence, and it is not to be put aside by a jury in order to ascertain if the other facts and circumstances, considered by themselves, do not establish his guilt beyond a reasonable doubt."

Id.—Interruption of Trial by Bystander—Improper Remarks as to Identity of Girl Involved—Removal from Court—Admonition to Jury—Presumption.—Where a bystander interrupted the progress of the trial by improper remarks as to the identity of a girl involved in the case, "that they have got the wrong girl," the court properly ordered him from the court room, and admonished the jury that: "The case must be decided upon lawful evidence adduced upon the witness stand, and nothing else"; and that they must reject the statements of this man as evidence, "discard them from your mind; act as though you had never heard them." It must be presumed that the jurors heeded the admonition of the court.

Id.—Witness to Good Reputation of Defendant—Cross-examination —Reflection upon Moral Character.—Where a witness had testified as to the good reputation of the defendant, he was properly allowed to be questioned on cross-examination for the purpose of reflecting upon his moral character, where no objection was made as to the form of the questions. But where the answers were favorable to the defendant, he cannot complain of such cross-examination.

Id.—Presumption of Innocence—Correct Request.—The court properly instructed the jury at defendant's request: "that the defendant, at the outset of the trial is presumed to be innocent. He is not required to prove himself innocent, or to put in any evidence at all upon the subject. In considering the testimony in the case, you must look at all of the testimony, and view it in the light of that presumption, and it is a presumption that abides with him throughout the trial of the case, until the evidence convinces you to the contrary beyond all reasonable doubt. It is your duty, if possible, to reconcile the evidence with this presumption."

APPEAL from a judgment of the Superior Court of Sacramento County and from an order denying a new trial. J. W. Hughes, Judge.

The facts are stated in the opinion of the court.

J. M. Inman, for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

BURNETT, J.—Appellant bases his claim for a reversal upon four grounds, but there is not sufficient merit in any of them to justify an interference with the verdict of the jury or the judgment of the lower court.

1. The court refused the following instruction requested by appellant: "You are instructed that if the defendant be proved of good character as to truth, veracity, honesty, morality and integrity, such good character may be sufficient to create and generate a reasonable doubt of his guilt, although no such doubt would have existed but for such good character." The principle was fully covered by the following instruction given at defendant's request: "You are further instructed that good character is of importance to a person charged with crime, and you have a right to consider whether the person of good character would be less liable to be guilty of the crime than a person of bad habits and character. The good character of the defendant when proven is itself a fact in the case; it is a circumstance tending in a greater or lesser degree to establish his innocence, and it is not to be put aside by a jury in order to ascertain if the other facts and circumstances, considered by themselves, do not establish his guilt beyond a reasonable doubt."

2. While the trial was in progress an unusual incident occurred, which appears in the transcript as follows:

"Before the jurors left the jury box, a man standing at the left of the defendant addressed the court as follows: 'They have got the wrong girl. It is not Elsie Lopez at all.'

"The Court: 'Take your seat, sir.'

"The man standing at the left of the defendant: 'Well, I want to say they have got the wrong girl. I am the father of the girl and it is not Elsie Lopez.'

"The Court: 'Take this man from the court room, Mr. Sheriff.'

"The bailiff escorted the man from the court room."

The man's conduct, of course, was reprehensible and explainable only upon the theory that he was drunk or insane. Such declarations in the presence of the jury might under some circumstances prejudice the substantial rights of a defendant, but we must presume that the jurors were men of probity and fair intelligence and that they heeded the earnest admonition of the court: "The case must be decided upon lawful evidence

adduced upon the witness stand, and nothing else, and statements which you have just heard from this man are no more evidence than nothing in the world; discard them from your mind; act as though you had never heard them." (*People* v. *Prather,* 134 Cal. 439, [66 Pac. 589, 863] ; *People* v. *Ruef,* 14 Cal. App. 606, [114 Pac. 48, 54].)

3. A certain witness testified as to the good reputation of defendant and, upon cross-examination, was asked certain questions, over the objection of appellant, tending to reflect upon the latter's moral character. The form of the questions was somewhat objectionable, but that was not called to the attention of the court. The purpose of the questions was to show acts of appellant inconsistent with the character attributed to him by the witness and they were permissible under the rule laid down in *People* v. *Ah Lee Doon,* 97 Cal. 179, [31 Pac. 933] ; *People* v. *Mayes,* 113 Cal. 624, [45 Pac. 860] ; *People* v. *Moran,* 144 Cal. 62, [77 Pac. 777] ; *People* v. *Perry,* 144 Cal. 750, [78 Pac. 284] ; *People* v. *Weber,* 149 Cal. 342, [86 Pac. 671]. Besides, the answers were favorable to appellant and hence he is in no position to complain.

4. The proposed and refused instruction as to the presumption of innocence involved no principle of law that was not clearly and fully expressed in the following, given at the request of appellant: "The jury is instructed that the defendant at the outset of the trial is presumed to be innocent. He is not required to prove himself innocent or to put in any evidence at all upon the subject. In considering the testimony in the case, you must look at all the testimony and view it in the light of that presumption, and it is a presumption that abides with him throughout the trial of the case until the evidence convinces you to the contrary beyond all reasonable doubt. It is your duty if possible to reconcile the evidence with this presumption."

We find no prejudicial error in the record and the judgment and order are affirmed.

Hart, J., and Chipman, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 13, 1912.