[Crim. No. 1106.    First Appellate District, Division Two.—October 15, 1923.]

THE PEOPLE, Respondent, v. JOE DEMERA, Appellant.

[1] Criminal Law — Accomplice — Evidence — When Question for Jury.—Where there is any conflict or where the facts are susceptible of different inferences the question as to whether a party is an accomplice must be left to the jury.

[2] Id.—Arson—Record of Accomplice—Attack upon Credibility—Rulings of Court—Absence of Prejudicial Error.—In a prosecution for arson, where the trial court, on motion of the state, dismissed a charge against one who was jointly charged with the defendant, and who was shown to have been the originator of the crime, before he took the stand to testify for the prosecution, the defendant had a right, while such witness was on the stand, to bring out these facts in order to attack his credibility as a witness; but the rulings of the court did not seriously prejudice the defendant's case in this connection, where the examination had thoroughly exploited the criminality of the witness.

[3] Id. — Evidence — Accomplice — Corroboration.—In such prosecution, there was sufficient evidence, independent of the testimony of accomplices, tending to connect the defendant with the commission of the crime.

APPEAL from a judgment of the Superior Court of Fresno County.    J. E. Woolley, Judge.    Affirmed.

The facts are stated in the opinion of the court.

H. L. Myers and Gallaher, Simpson & Hays for Appellant.

U. S. Webb, Attorney-General, and John H. Riordan, Deputy Attorney-General, for Respondent.

NOURSE, J.—Defendant was convicted on an indictment charging the felony of burning his residence with the intent to defraud an insurance company.

The facts are that defendant owned a store in the city of Fresno, where he conducted a grocery business, and lived with his family in a house adjacent to and connecting with the store building and having a common wall. On the night of February 5th or the morning of February 6, 1922, at about 1:45 o'clock A. M., his house was discovered to be on fire from a fire originating in the basement of the house. The defendant and his family had gone to Sanger at 11 o'clock A. M. of the fifth day of February, being a Sunday, to visit some friends in that town. They arrived there about noon and remained until about midnight or near 1 o'clock A. M. of February 6th, when they returned to Fresno and found their house on fire. The defendant, his wife, and two sons were immediately arrested and taken to headquarters, where they were interrogated concerning the origin of the fire and released about 5 A. M. of that morning. On the nineteenth day of April one Caiazza and one Guisto were arrested and charged with burning a house owned by one Holcomb. In the course of their trial it was shown that Caiazza, an insurance agent, had engaged Guisto to burn the home of Holcomb, in conspiracy with said Holcomb for the purpose of obtaining the insurance upon the premises, but that Holcomb had informed the police and fire authorities of the city of Fresno of the proposal and all subsequent actions were taken under their directions. The fire was discovered soon after it started and the two defendants, Caiazza and Guisto, were tried and convicted. (See *People* v. *Caiazza*, 61 Cal. App. 505 [215 Pac. 80].) When the arrest of Caiazza and Guisto was made the police officers went to the deposit box of Caiazza and procured his papers. Among them they found a receipt signed by one Tresca for the burning of the house of defendant in this case. Upon obtaining this information the defendant Demera was arrested and indicted. In two former trials the jury failed to agree. Upon the third he was found guilty.

On this appeal it is urged that there was no independent corroborating evidence of the testimony of the accomplices sufficient to justify the conviction. The argument is that Guisto, having confessedly been employed to assist Tresca in the actual burning of the building and having arranged with Tresca to meet with him at a particular hour of the night for that purpose, was an accomplice with Tresca, although at the last moment he backed out, pleading that he was too sleepy to attend to the affair that evening.

In addition to this the appellant complains of the conduct of the special prosecutor and of the trial judge, and cites many instances of statements of both which are claimed to have been prejudicial to the appellant.

The further point is made that the trial court committed error in the instructions which were given regarding the subject of accomplices. Particular criticism is made of those instructions which told the jury that the witnesses Caiazza and Tresca were both accomplices in the commission of the crime and of the court's refusal to give the same instruction regarding the witness Guisto. In lieu of the instruction requested by the appellant as to this witness the court instructed the jury that it was a question of fact for them to determine whether or not a witness was an accomplice. There was some conflict in the evidence regarding the relations of Guisto and for that reason the trial court left the question with the jury. [1] Though it must be conceded that the conflict is so slight that it is almost negligible, nevertheless, the rule is well established that where there is any conflict or where the facts are susceptible of different inferences the question as to whether the party is an accomplice must be left to the jury. (16 Corpus Juris, sec. 1370, pp. 677, 678.)

Upon the second point the record shows that the feeling between the respective counsel was intense and the verbal clashes were frequent and bitter. It is contended that in these controversies the trial court came to the rescue of the special prosecutor and necessarily gave to the jury the impression that counsel for the defense were in the wrong. Particular stress is laid upon the occurrence relating to the witness Caiazza. He had been jointly charged with the appellant in this action and was shown to have been the originator of the crime, but before he took the stand to testify

for the prosecution the court had, on motion of the state, dismissed the charge against him. **[2]** While he was upon the stand the counsel for the defense endeavored to bring these facts before the jury in order to attack his credibility as a witness which, of course, they had a right to do. It is contended that the court and the special prosecutor took offense at this and that the controversy which arose was prejudicial to the defense. But here the examination had thoroughly exploited the criminality of the witness Caiazza and we cannot believe that the jurors did not fully understand his record or that appellant's case was seriously prejudiced by the rulings of the court in this connection. Many other instances of misconduct on the part of the special prosecutor are referred to, but, while this conduct does not meet our approval, we are satisfied that, on the whole, the error complained of did not result in a miscarriage of justice within the meaning of section $4\frac{1}{2}$ of article VI of the constitution.

The first point relates to the sufficiency of the independent evidence offered to corroborate the testimony of the accomplices. It is conceded that, under section 1111 of the Penal Code, the conviction cannot be sustained upon the testimony of the accomplices unless it is corroborated by other evidence tending to connect the appellant with the commission of the crime. It cannot be disputed that the testimony of the witness Guisto was sufficient for this purpose, but the appellant insists that the facts so clearly show that this witness was an accomplice that the jury could not take his testimony as corroborating that of the witnesses who are conceded to have been accomplices. Because we are inclined to agree with the appellant's position that the witness Guisto was in fact an accomplice, it is necessary to examine the other evidence which was offered to see whether there was sufficient evidence outside of the testimony of the witnesses Caiazza, Tresca, and Guisto to meet the demands of the code section.

The "other" evidence upon which the state relies consists of the showing that shortly before the fire the appellant obtained additional insurance upon his premises through the agency of the witness Caiazza; that the proofs of loss made by appellant after the fire were greatly in excess of the value of the property lost or damaged in the fire; that the appellant, contrary to his usual custom, closed his store and

the adjoining home on the Sunday of the fire and took his
entire family on a visit to friends in the country; that, when
he returned some time after 1 o'clock at night the fire had
occurred and he was arrested with a newly filed key in his
possession; that the party or parties who started the fire
had entered the premises with a key or keys belonging to the
appellant; and, finally, that about two months after the fire
the witness Tresca had acknowledged in writing the receipt
from the appellant of $250 in payment for the house ''which
I put fire the day 5–2–1922,'' meaning February 5, 1922,
and that Caiazza then loaned the appellant $325 and re-
ceived a note from the appellant for $500 and later his post-
dated check in the same amount.  This transaction was ex-
plained by Caiazza as having been in payment for their
services in firing the premises—that he advanced to Tresca
$175 as a part of the $250 covered by Tresca's receipt, the
balance being in goods delivered by appellant from his store,
and that this sum of $175 with the sum of $325 which he
loaned the appellant was covered by the $500 note and the
check in the same amount which followed.

[3]  All this evidence is circumstantial and is of value
only when followed by the inferences which the jury might
draw as tending to connect the appellant with the commis-
sion of the crime.  Though the evidence is meager, we think
it is sufficient to meet the demands of the statute.

Other points do not require consideration.

Judgment affirmed.

Langdon, P. J., and Sturtevant, J., concurred.

A petition by appellant to have the cause heard in the
supreme court, after judgment in the district court of ap-
peal, was denied by the supreme court on December 13, 1923.