[Crim. No. 3119. Third Dist. Dec. 7, 1960.]

THE PEOPLE, Respondent, v. E. P. RAY, Appellant.

Blaine McGowan for Appellant.

Stanley Mosk, Attorney General, and Nat Agliano, Deputy Attorney General, for Respondent.

SCHOTTKY, J.—An information charged E. P. Ray with two counts, Count One charging him with a violation of section 261, subdivision 1, of the Penal Code, it being charged that he attempted to accomplish an act of sexual intercourse with a 15-year-old girl. He was acquitted on this count of the information. Count Two charged him with a violation of section 288 of the Penal Code, it being alleged that he committed a "lewd and lascivious act upon and with the body" of a 12-year-old girl. He was found guilty on this count and has appealed from the judgment entered.

Appellant does not contend that the evidence is not sufficient to sustain the judgment so it is unnecessary to relate all the sordid details revealed by the evidence. Appellant in arguing for a reversal of the judgment does make a number of contentions however.

Appellant first contends that it was error to give the following instruction:

"The charges such as these made against the defendant in this case are ones, which generally speaking, are easily

made, and once made, are difficult to disprove even if the defendant is innocent. From the nature of a case such as this, the complaining witnesses and the defendant usually are the only witnesses. Therefore I charge you that the law requires that you examine the testimony of the prosecuting witnesses with caution.

"However, the fact that the charges here made are ones difficult to disprove should not deter you from rendering a verdict of guilty, if you are convinced beyond a reasonable doubt that the defendant is guilty as charged."

 Appellant contends that the language that "the charges . . ., are easily made, and once made, are difficult to disprove even if the defendant is innocent" is probably construed by the average juror to mean that the defendant has the burden of proof.

We do not believe that the challenged instruction could have misled the jury as to the burden of proof because the jury was fully and correctly instructed in other instructions that the defendant is presumed innocent until the contrary is proved; that the prosecution has the burden of proving guilt beyond a reasonable doubt; that this burden is on the prosecution from the beginning to the end of the trial; that it is never upon the accused to establish his innocence of the crime charged; and that if there is a single material allegation of the information that the prosecution has failed to prove to a moral certainty and beyond a reasonable doubt, the defendant must be found not guilty.

 The language, "even if the defendant is innocent," used in the instruction also does not have the undesirable effect claimed by the appellant. It is apparently drawn from the often quoted remark of Sir Matthew Hale that rape is "an accusation easily to be made and hard to be proved, and harder to be defended by the party accused, though never so innocent." (1 Pleas of the Crown, 634; see *People* v. *Trumbo*, 60 Cal.App.2d 681, 683 [141 P.2d 225].) A possible notion by the jury that an innocent defendant should easily be able to defend against and clear himself of the charge is met and placed in proper perspective by this language in the instruction. When considered in connection with the whole of the instruction, it does not intimate any belief of the court in the defendant's guilt or innocence.

It is important to note that the cautionary instruction, in the form here given, has been consistently held correct, proper and sufficient by the courts of this state. (*People* v. *Elliott*,

158 Cal.App.2d 623, 626 [322 P.2d 1029]; *People* v. *Arechiga,* 72 Cal.App.2d 238, 240 [164 P.2d 503]; *People* v. *Trolinder,* 121 Cal.App.2d 819, 824 [264 P.2d 601].) Further, the failure to give this instruction has been uniformly held to constitute error (*People* v. *Lucas,* 16 Cal.2d 178 [105 P.2d 102, 130 A.L.R. 1485]), and reversible error in many cases similar to the present one. (*People* v. *Putnam,* 20 Cal.2d 885 [129 P.2d 367]; *People* v. *Rankins,* 66 Cal.App.2d 956 [153 P.2d 399]; *People* v. *Trumbo, supra; People* v. *Williams,* 55 Cal. App.2d 696 [131 P.2d 851].)

■ Furthermore, appellant is hardly in a position to claim error in the giving of this instruction because appellant himself offered an instruction which stated that charges "generally known as lewd and lascivious conduct involving a child and attempted rape, are charges which, generally speaking, are easily made [and] difficult to disprove, even if the defendant is innocent. . . ."

■ Appellant next contends that it was error for the court to refuse to instruct the jury that in considering the guilt of the defendant the jury could consider the fact that there was no immediate outcry or complaint. We do not agree.

As stated in *People* v. *Edwards,* 163 Cal. 752, at page 757 [127 P. 58], "The court correctly refused the instruction asked by defendant to the effect that the jury should consider the fact that the victim had made no outcry and had concealed the act of sexual intercourse for several days after it was committed. This was not a case of rape committed by force or violence, but a voluntary act of sexual intercourse to which the girl had, in fact, consented and which constitutes rape solely because the statute makes her incapable of giving a legal consent because of her tender years. In such cases the fact that the victim makes no outcry or complaint is immaterial. (*People* v. *Jacobs,* 16 Cal.App. 478 [117 P. 615]; *People* v. *Howard,* 143 Cal. 324 [76 P. 1116].)"

If it is proper to refuse to give such an instruction in a case of statutory rape, there is no error in refusing to give such an instruction in the instant case (prosecution under Pen. Code, § 288) because consent is not an issue in the instant case.

■ Appellant also contends that the trial court erred in not giving the following instruction: "You are instructed that if the defendant be proved of good character, such good character may be sufficient to create and generate a reasonable doubt of his guilt, although no such doubt would have existed but for such good character."

The court did instruct the jury that "the defendant has introduced evidence before you tending to show his good character for virtue, chastity and morality. If in the present case the good character of the defendant for these qualities is proven to your satisfaction then such fact is to be kept in view by you in all your deliberations and it is to be considered by you in connection with the other facts in the case and if, after a consideration of all the evidence in the case, including that bearing upon the good character of the defendant, the Jury entertains a reasonable doubt as to the defendant's guilt, then I charge you it is your duty to acquit him."

We believe that the instruction given correctly and sufficiently stated the law (*People* v. *Mitchell*, 129 Cal. 584, 587 [62 P. 187]), and therefore no error resulted from the refusal of the requested instruction.

Appellant's objection is that the given instruction did not tell the jury that good character may create a reasonable doubt. In *People* v. *Collier*, 113 Cal.App.2d 861, 870 [249 P.2d 72], a similar objection was made to an almost identical instruction. The court held the given instruction was sufficient. In *People* v. *Silva*, 20 Cal.App. 120, 122 [128 P. 348], the same requested instruction was also refused. The court there held that the principle was fully covered in the given instruction though it did not expressly state that evidence of good character may itself create reasonable doubt.

The court's instruction in this case accurately illustrated the role of character evidence in a criminal trial. The jury could deduce therefrom that they must consider good character evidence and from it could conclude that a reasonable doubt of defendant's guilt existed.

 Appellant next contends the court committed error by restricting cross-examination of the prosecutrix as to whether she had received a promise of leniency.

Defense counsel on cross-examination of the prosecutrix, Linda R., asked whether any proceedings had been taken to declare her a delinquent juvenile. The district attorney objected to the question. The court then recessed and defense counsel made an offer of proof out of the presence of the jury. He offered to prove by the prosecutrix that she had not been declared or made a ward of the juvenile court; that she had not been incarcerated, prosecuted or made a ward of the law; and that in consideration of that she was testifying in this matter as desired by the People.

The court stated that defendant's offer should go farther if he were acting in good faith and asked whether he had any evidence to prove that the prosecutrix was promised immunity. Defense counsel replied that he had none except the possibility of eliciting it from the witness herself. The court then ruled against the question.

■ It is well settled in this state that it is competent to show the fact that other criminal charges are pending against a prosecution witness at the time he testifies as a circumstance tending to show that his testimony is or may be influenced by a desire to seek the favor or leniency of the court and the prosecuting officers by aiding in the conviction of the defendant. (*People* v. *Dillwood,* 4 Cal.Unrep. 973 [9 P. 438]; *People* v. *Langtree,* 64 Cal. 256 [30 P. 813]; *People* v. *Winston,* 46 Cal.2d 151 [293 P.2d 40]; *People* v. *Demera,* 64 Cal.App. 121 [220 P. 673]; *People* v. *Swoape,* 75 Cal.App. 404 [242 P. 1067]; *People* v. *Bennett,* 79 Cal.App. 76 [249 P. 20]; *People* v. *Blackwell,* 81 Cal.App. 417 [253 P. 964]; *People* v. *De Mello,* 28 Cal.App.2d 281 [82 P.2d 457].)

■ We believe that the court erred in so restricting the cross-examination, but it is to be noted that the attempted impeachment was of Linda R., the prosecutrix in the count of the information of which appellant was acquitted, and appellant did not ask similar questions of Linda S., the prosecutrix in the count of the information of which appellant was found guilty.

■ The final contention is that the court instructed the jury to bring in a verdict. During the second day of deliberation the jury requested that certain testimony be reread. The court after inquiring how the jury stood on each count, and after being informed, said:

"I don't know whether I made it clear in my instructions, but you do understand that Count One and Count Two are two separate matters and that if you should find the defendant innocent of one it doesn't necessarily follow that he is innocent of the other or conversely, if you should find him guilty of one it doesn't necessarily mean he is guilty of the other.

"Each count stands by itself and should be judged according to the evidence and the law concerning that count. They could have even been tried separately."

This instruction correctly stated the law (Pen. Code, § 954; *People* v. *Carothers,* 77 Cal.App.2d 252, 254 [175 P.2d 30]; CALJIC No. 112), and we do not agree with appellant's

contention that it instructed the jury to bring in a verdict. The record shows that it was not given by the court when it instructed the jury in the first instance. ▮ In this situation "[t]he court possesses an inherent power to cause the jury to be returned for further instructions, a power wisely employed whenever the judge becomes convinced that he has not made them fully to understand an appropriate proposition of law, . . . ." (*People* v. *Perry,* 65 Cal. 568, 569 [4 P. 572].)

▮ Appellant contends that the court's remarks resulted in a compromise verdict because at the time of the instruction the numerical division on both counts was substantial, whereas shortly after the instruction the jury returned a verdict of acquittal on Count One and guilty on Count Two. We do not agree. The offense of which appellant was convicted was the commission of a lewd and lascivious act and is sufficiently supported by the evidence. It shows that the defendant entered the room and got into bed with Linda S., age 13 years. He had removed all his clothing. The girl wore only her undergarments. He laid on top of her and rubbed his penis between her legs until he had an emission. He had committed similar acts in the past. He gave the girl money and bought her food. He admitted his conduct to the girl's mother and offered her money to leave town after he was arrested. There is abundant evidence here to support each element of the crime of violation of section 288 of the Penal Code charged in Count Two of the information.

On the other hand the evidence produced relative to Count One, attempted rape, does not so convincingly establish each element of that crime. ▮ As the court instructed the jury, the elements of an attempt to commit a crime are (1) a specific intent to commit the crime and (2) a direct but ineffectual act done toward its commission. ▮ Rape requires penetration, however slight. (Pen. Code, § 263.) *A fortiori,* attempted rape, requires the intent and attempt to make penetration. There was evidence as to the physical inability of appellant to accomplish an act of sexual intercourse which may well have led the jury to find that there was no intent to accomplish an act of sexual intercourse, thus resulting in a failure by the prosecution to prove beyond a reasonable doubt the existence of each element of the crime of attempted rape.

Because of the many contentions of error made by appellant we have made a careful examination of the entire record in accordance with article VI, section 4½, of the Constitution and are convinced that even if appellant is correct in some of his contentions no miscarriage of justice has resulted.

The judgment is affirmed.

Van Dyke, P. J., and Peek, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 31, 1961.