[Crim. No. 14497. Second Dist., Div. Two. Oct. 10, 1968.]

THE PEOPLE, Plaintiff and Appellant, v. EDGAR
MEREDITH, Defendant and Respondent.

Thomas C. Lynch, Attorney General, William E. James,
Assistant Attorney General, Evelle J. Younger, District At-
torney, Harry Wood and Robert J. Lord, Deputy District
Attorneys, for Plaintiff and Appellant.

Theodore Rosenthal for Defendant and Respondent.

468

FLEMING, J.—Respondent Meredith was accused of rape by a girl who was 14 years old. At the preliminary hearing she testified she had babysat for the Merediths several times between December 1966 and 16 February 1967. On the latter date she went to the Meredith home at Meredith's request, to babysit. Respondent and his two children were there. As soon as she got into the living room, Meredith grabbed her and pulled her into a bedroom. He told the children to stay in the living room. The witness resisted, but Meredith raped her. She fled home and cried on and off all night. There was fluid in her underpants, together with a little blood. She babysat for the Merediths several times in March 1967, and she told no one of the incident until four months later. By then she was perceptibly gaining weight, and it was discovered she was pregnant.

An information was issued charging Meredith with statutory rape. (Pen. Code, § 261, subd. 1.) Meredith's motion to dismiss the information under section 995 was granted, and the People have appealed. (Pen. Code, § 1238, subd. 1.)

 The trial court was apparently persuaded, though it is not clear on this point, that the delay between the commission of the offense and the filing of the information, in light of the circumstances of the case, deprived Meredith of a chance effectively to defend himself. Thus, the court noted that *People* v. *Wilson,* 239 Cal.App.2d 358 [48 Cal.Rptr. 638], indicated "that the mere lapse of time isn't taken by itself controlling, but time together with the surrounding circumstances, and the . . . circumstances here among other things go back to the story told by the complaining witness which does raise some substantial questions." The court seemed to be concerned either about the alleged implausibility of the complaining witness' story, or about evidence, in the form of the recollections of Meredith's children and those of the alleged victim's family, and the alleged victim's underwear, that had effectively disappeared during the period between the alleged offense and the initiation of proceedings.

Neither of these factors should have influenced the court to take the action it did. Since the uncorroborated testimony of the alleged victim may be sufficient evidence for a rape conviction (*People* v. *Livingston,* 252 Cal.App.2d 630, 636 [60 Cal.Rptr. 728]), such testimony, unless inherently incredible, must also furnish probable cause to hold the alleged offender for trial. Where, as here, consent is not an issue, failure to complain does not even affect credi-

bility enough to warrant giving the jury an instruction at trial. (*People* v. *Ray*, 187 Cal.App.2d 182, 186 [9 Cal.Rptr. 678].) Failure to complain surely should not, therefore, negate probable cause. ▮ Whether there was probable cause for the magistrate's action is the only evidentiary question before the court on a 995 motion. ▮ The other part of section 995 deals with procedural irregularities, such as illegal arrest, overlong detention of the suspect before he is taken before a magistrate, etc., and there do not appear to have been any such irregularities here. *People* v. *Wilson, supra,* noted that a lapse of time between the offense and the filing of an accusation may deprive a defendant of due process of law by making it difficult or impossible for him to prepare a defense. The court noted that ''the question is one of balancing the public interest and the rights of the defendant.''

Here, the delay in the prosecution was not attributable to the prosecution but to the alleged victim's silence, caused, as she testified, by fear and confusion. The public interest plainly would not be served by the disposition the lower court made, and we cannot say that to force the accused to stand trial would deny him due process of law.

The judgment is reversed.

Roth, P. J., and Nutter, J. pro tem.,* concurred.

A petition for a rehearing was denied October 30, 1968.

---

*Assigned by the Chairman of the Judicial Council.