Filed 7/22/21  P. v. Johnson CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C090490 |
| Plaintiff and Respondent, | (Super. Ct. No. 18FE013615) |
| v. | |
| DECARESS DEANU JOHNSON, | |
| Defendant and Appellant. | |

Defendant Decaress Deanu Johnson appeals his sentence for first degree burglary. He asserts the trial court improperly found his prior Texas conviction for aggravated robbery constitutes a serious felony in California.  Defendant also claims the trial court improperly imposed fines and fees without first considering his ability to pay them.  We hold the evidence was insufficient to prove beyond a reasonable doubt defendant's Texas conviction contained all elements of a serious felony under California law.  We

1

accordingly reverse the trial court's determination and remand the matter for further proceedings. We affirm the trial court's imposition of fines and fees. However, we note an error requiring correction; the trial court failed to impose the mandatory conviction assessment.

## BACKGROUND

Defendant was arrested while trying to start a car in front of a house that had been recently broken into and ransacked while the owner was out of town. A jury found defendant guilty of first degree burglary.

In bifurcated proceedings, the trial court found defendant's prior Texas conviction for aggravated robbery constituted a California strike. The court reviewed the Texas record of conviction that included a judgment of conviction, certificate of thumbprint, plea agreement, and true bill indictment. These documents showed defendant had pleaded guilty to one count of aggravated robbery under Texas Penal Code section 29.03. The signed plea agreement stated, "I admit and judicially confess that I committed the offense of Agg. Robbery on 1-16-11 exactly as alleged in the charging instrument." The true bill indictment, the charging instrument, alleged: defendant "[o]n or about the 16th day of January A.D., 2011 in the County of Dallas and said State, did then and there intentionally and knowingly, while in the course of committing theft of property and with intent to obtain or maintain control of said property, threaten and place [victim] in fear of imminent bodily injury and death, and the defendant used and exhibited a deadly weapon, to-wit: A KNIFE."

The prosecutor argued the indictment language established defendant's Texas crime met the elements of a California robbery. Defense counsel contended the record of conviction did not disclose whether the property was in the victim's possession, as required for a California robbery. The trial court found: "I think immediate possession is contained within the meaning of that Indictment . . . . [I]t seems to me that it does satisfy

2

the elements of a California robbery, and I will so find." Based on this conclusion, the trial court found defendant's Texas conviction was a prior serious felony.

The court sentenced defendant to the middle term of four years, doubled to eight years for the prior serious felony. The court also imposed the statutory minimum restitution fine of $300 (Pen. Code, § 1202.4, subd. (b)),[1] imposed and stayed the parole revocation restitution fine of $300 (§ 1202.45) and a $40 court security surcharge fee (§ 1465.8). The abstract of judgment also shows a $30 conviction assessment (Gov. Code, § 70373), but the box is unchecked.

## DISCUSSION

### I

### *Prior Texas Conviction*

Defendant argues the court wrongly determined his prior Texas conviction for aggravated robbery was a serious felony because the Texas record of conviction does not establish the property was in the victim's possession as required for a California robbery. The People agree the elements of a California robbery are not evidently satisfied, but argue substantial evidence supports finding the Texas conviction does satisfy a California attempted robbery, another California serious felony. We conclude the trial court's finding was not supported by substantial evidence and we reverse its decision.

A prison term for a felony conviction must be doubled if a defendant has a prior serious or violent felony, known as a strike. (§§ 667, subd. (e)(1), 1170.12, subd. (c)(1).) "A prior conviction in another jurisdiction for an offense that, if committed in California, is punishable by imprisonment in the state prison constitutes a prior conviction of a particular serious or violent felony if the prior conviction in the other jurisdiction is for an offense that includes all of the elements of a particular violent felony as defined in

---

[1] Undesignated statutory references are to the Penal Code.

3

subdivision (c) of Section 667.5 or serious felony as defined in subdivision (c) of Section 1192.7." (§§ 667, subd. (d)(2), 1170.12, subd. (b)(2).) Robbery, attempted robbery, and any felony committed with a dangerous or deadly weapon are serious felonies. (§ 1192.7, subd. (c)(19), (23), (39).)

"The People must prove all elements of an alleged sentence enhancement beyond a reasonable doubt. [Citation.]" (*People v. Miles* (2008) 43 Cal.4th 1074, 1082.) Where "the mere fact of conviction under a particular statute does not prove the offense was a serious felony, otherwise admissible evidence from the entire record of the conviction may be examined to resolve the issue. [Citations.] This rule applies equally to California convictions and to those from foreign jurisdictions. [Citations.]" (*Ibid.*) "[A] court must presume the conviction was for the least serious form of the offense," but "the trier of fact may draw *reasonable inferences* from the record presented." (*Id.* at p. 1083.)

"On review, we examine the record in the light most favorable to the judgment to ascertain whether it is supported by substantial evidence. In other words, we determine whether a rational trier of fact could have found that the prosecution sustained its burden of proving the elements of the sentence enhancement beyond a reasonable doubt. [Citations.]" (*People v. Miles, supra*, 43 Cal.4th at p. 1083.)

We agree with the parties that there is no evidence defendant's Texas conviction satisfies all elements of a California robbery. The essential elements of aggravated robbery under Texas law are that the defendant (1) while in the course of committing theft, (2) and with the intent to obtain or maintain control of the property, (3) intentionally or knowingly causes bodily injury or places another in fear of imminent bodily injury or death, (4) and either causes serious bodily injury, exhibits a deadly weapon, or places a vulnerable person in fear of imminent bodily injury. (Tex. Pen. Code, §§ 29.02, 29.03; *Brewer v. State* (Tex.Ct.App. 1993) 852 S.W.2d 643, 645.) For any robbery, Texas law does not require theft of property "from the person or immediate presence of one in possession of that property." (*People v. Rodriguez* (2004)

4

122 Cal.App.4th 121, 130 (*Rodriguez*).)[2] Robbery in California "is the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." (§ 211.) California "limits victims of robbery to those persons in either actual or constructive possession of the property taken." (*People v. Nguyen* (2000) 24 Cal.4th 756, 764.)

Defendant's Texas record of conviction does not disclose whether his aggravated robbery involved taking the property from the victim's possession, as required for a California robbery. The Texas statute for aggravated robbery by itself does not require the victim to have possession of the taken property. Defendant's plea, with the incorporated indictment language, also states only that defendant placed the victim in fear of imminent bodily injury while "committing theft of property." But the indictment language fails to disclose whether the property was in the victim's actual or constructive possession. No other document in the record of conviction resolves this defect. It is possible defendant threatened the victim in order to take property the victim did not himself possess; this would not be a robbery in California. (See, e.g., *People v. Nguyen, supra*, 24 Cal.4th at p. 764 [finding a visitor to the business from which property was taken was not a victim of the robbery].) And if the record does not establish a robbery, we must presume it was not a robbery. The court's finding that defendant's Texas conviction satisfied the elements of a California robbery was therefore not supported by substantial evidence.

---

[2]    The People argue *Rodriguez* is inapplicable because the defendant there was convicted of a Texas robbery whereas defendant here was convicted of a Texas aggravated robbery. This distinction has no bearing on this case. A Texas aggravated robbery is a robbery where the defendant also causes serious bodily injury, exhibits a deadly weapon, or places a vulnerable person in fear of imminent bodily injury. (Tex. Pen. Code, § 29.03.) These additional elements do not include a possessory requirement. Thus, a Texas aggravated robbery also does not require the property to be in the victim's possession.

Still, as the People correctly point out, the finding will be upheld if defendant's Texas conviction can satisfy any other California serious felony. (*Belair v. Riverside County Flood Control Dist.* (1988) 47 Cal.3d 550, 568 [a ruling correct in law will not be overturned if given for the wrong reasons].) The People posit defendant's Texas conviction satisfies the elements of another serious felony: California attempted robbery. We disagree.

An attempted robbery in California requires two elements: (1) a specific intent to commit a robbery, and (2) a direct but ineffectual act done towards robbery. (§ 21a; *People v. Medina* (2007) 41 Cal.4th 685, 694.) The prosecutor need not establish the defendant committed any elements of a robbery. (*Medina,* at p. 694) But "the specific intent to commit an attempted robbery logically must be the same specific intent necessary for the commission of the robbery itself . . . ." (*People v. Plager* (1987) 196 Cal.App.3d 1537, 1548.) So attempted robbery requires the intent to take property in the victim's actual or constructive possession. (*People v. Ugalino* (2009) 174 Cal.App.4th 1060, 1065 [insufficient evidence for attempted robbery where victim was not in actual possession of property]; see *People v. Ray* (1960) 187 Cal.App.2d 182, 189 ["Rape requires penetration, however slight. [Citation.] A fortiori, attempted rape, requires the intent and attempt to make penetration"].)

The record for defendant's Texas conviction fails to establish a California attempted robbery for the same reason it cannot establish a California robbery—there is no evidence the property that was taken or was intended to be taken was in the actual or constructive possession of the victim. California robbery requires the victim's possession and therefore the intent to take property in the victim's possession is a requirement of a California attempted robbery. But again, the record of conviction can only establish at most that defendant had the intent to take property, but not necessarily property within the victim's actual or constructive possession. Thus, if a completed theft would not be a

6

robbery under such circumstances in California it follows that an attempt to steal under such circumstances would not be attempted robbery.

There is no substantial evidence supporting a determination defendant's Texas conviction constituted a California serious felony. We therefore reverse and remand for a possible retrial as to whether appellant's Texas aggravated robbery conviction was a robbery or other serious felony under California law. (See *Rodriguez, supra*, 122 Cal.App.4th at p. 131.)

## II

### *Fines and Fees*

Defendant argues he suffered ineffective assistance of counsel because his trial counsel failed to object at sentencing to the imposed fines and fees under *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*), which was decided six months before the sentencing hearing. We affirm the imposition of the fines and fees.

Defendant forfeited this argument by failing to object and request an ability to pay determination. Thus, under a normal application of appellate procedures, this failure has doomed his challenges to those assessments and fines on appeal. (*People v. Frandsen* (2019) 33 Cal.App.5th 1126, 1153 [failure to object to assessments or restitution fine in trial court forfeited the defendant's due process challenge thereto]; see *People v. Nelson* (2011) 51 Cal.4th 198, 227 [the defendant's claim that court erroneously failed to consider ability to pay a $10,000 restitution fine is forfeited by the failure to object]; *People v. Gamache* (2010) 48 Cal.4th 347, 409 [challenge to $10,000 restitution fine forfeited by failure to object to alleged inadequate consideration of the defendant's ability to pay]; *People v. Avila* (2009) 46 Cal.4th 680, 729 [rejecting argument that the defendant was exempted from forfeiture because his restitution fine amounted to an unauthorized sentence based upon his inability to pay].)

In any event, defendant was not prejudiced by his counsel's failure to object to the fines and fees because this objection has no merit. (*People v. Kipp* (1998) 18 Cal.4th

7

349, 377 [failure to assert a meritless position does not demonstrate ineffective assistance of counsel].) Subsequent published authority has called the reasoning of *Dueñas* into question. As digested in *People v. Hicks* (2019) 40 Cal.App.5th 320 (*Hicks*), review granted November 26, 2019, S258946,[3] *Dueñas* is premised on authority involving a right under due process of access to the courts, and a bar against incarceration for an involuntary failure to pay fines or fees. (*Hicks,* at p. 325.) However, a postconviction imposition of fines and fees does not interfere in any respect with the right of access to either the trial or appellate court. (*Id*. at p. 326.) The postconviction imposition of fines and fees also does not result in any additional incarceration, and therefore a liberty interest that due process would protect is not present. (*Ibid*.) Since the stated bases for the conclusion in *Dueñas* do not support it, the question is whether due process generally otherwise compels the same result. (*Hicks,* at p. 327.) The People have a fundamental interest in punishing criminal conduct, as to which indigency is not a defense (otherwise, defendants with financial means would suffer discrimination). It would also be contrary to the rehabilitative purpose of probation if a court were precluded at the outset from imposing the payment of fines and fees as part of educating a defendant on obligations owed to society. (*Id*. at pp. 327-328.) "For the reasons set forth above, we conclude that due process does not [generally] speak to this issue and that *Dueñas* was wrong to conclude otherwise. [Citations.]" (*Id*. at p. 329.) Therefore, given the absence of a claim under due process, we conclude defendant did not suffer ineffective assistance of counsel

---

[3] The analysis of *Dueñas* in *Hicks* is adopted in *People v. Kingston* (2019) 41 Cal.App.5th 272, 279-281, and is paralleled in *People v. Aviles* (2019) 39 Cal.App.5th 1055, 1068-1069, *People v. Caceres* (2019) 39 Cal.App.5th 917, 927-928, and in the opinions of individual justices in *People v. Santos* (2019) 38 Cal.App.5th 923, 936-938 (dis. opn. of Elia, J.), and *People v. Gutierrez* (2019) 35 Cal.App.5th 1027, 1038-1041 (conc. opn. of Benke, J.).

as he is not entitled to a remand for the trial court to consider his ability to pay the challenged fines and assessments.

## III

### *Conviction Assessment*

Lastly, the court did not impose the $30 conviction assessment in its oral pronouncement. Though the abstract of judgment may have reflected imposition of the fee, the abstract may not add substantively to the oral pronouncement. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.) A conviction assessment is a mandatory fee. (Gov. Code, § 70373.) Defendant's fines and fees arguments also assume the court imposed this fee. Since we reject defendant's fines and fees arguments, and this is a mandatory fee, the trial court is directed to include this fee on remand. (*People v. Rodriguez* (2012) 207 Cal.App.4th 1540, 1543, fn. 2 [mandatory fees may be added on review].)

### DISPOSITION

The trial court's determination that defendant's prior Texas conviction qualified as a serious felony under California law is reversed, and the case is remanded for further proceedings. The enhanced sentence imposed for defendant's California first degree burglary conviction pursuant to sections 667, subdivision (e)(2)(A) and 1170.12, subdivision (c)(2)(A) as a result of the trial court's finding concerning the prior Texas conviction is reversed. If the People elect to retry the strike allegation, the trial court shall resentence defendant following retrial. If the People decline to retry the strike allegation, the trial court shall dismiss the strike allegation for the Texas aggravated

robbery conviction and resentence defendant.  On remand, the trial court is also directed to impose the $30 conviction assessment.


                                              /s/

                                   BLEASE, J.


I concur:


      /s/

RAYE, P. J.

MAURO, J., Concurring and Dissenting.


I fully concur in the majority opinion except for parts II and III of the Discussion, pertaining to defendant's challenge to the imposed fines and assessments, as to which I dissent.

In *People v. Dueñas* (2019) 30 Cal.App.5th 1157, the court held it is improper to impose certain fines or assessments without determining defendant's ability to pay. (*Id*. at pp. 1168, 1172.)  Although some courts have subsequently criticized *Dueñas*'s legal analysis (see, e.g., *People v. Hicks* (2019) 40 Cal.App.5th 320, review granted Nov. 26, 2019, S258946), *Dueñas* remains citable precedent.  Until the California Supreme Court has had an opportunity to resolve the current split in authority, I believe it is appropriate in certain cases to remand the matter to give the trial court an opportunity to consider defendant's ability to pay.

Here, defendant's July 2019 sentencing occurred after *Duenas* was decided, but defendant's counsel did not raise an ability to pay challenge at the sentencing hearing. Accordingly, an ability to pay challenge is forfeited regarding the fines and assessments. Nevertheless, because defendant now asserts ineffective assistance of counsel, I would remand the matter and direct the trial court to assess defendant's ability to pay the fines and assessments.


      /s/           
MAURO, J.

1